On petition to review ballot title filed February 25, considered and under advisement April 30, ballot title referred to the Attorney General for modification June 19, modified ballot title certified July 23, 2008 (345 Or 160)

## Tom CHAMBERLAIN
## & Barbara Byrd,
*Petitioners,*

*v.*

## Hardy MYERS,
## Attorney General,
## State of Oregon,
*Respondent.*

### (SC S055743)

188 P3d 240

Margaret S. Olney, of Smith, Diamond & Olney, Portland, filed the petition for review.

Judy C. Lucas, Senior Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

KISTLER, J.

## KISTLER, J.

Petitioners seek review of the Attorney General's certified ballot title for Initiative Petition 23 (2010). *See* ORS 250.085(2) (specifying requirements for seeking review of certified ballot title). This court reviews the certified ballot title to determine whether it substantially complies with ORS 250.035(2). *See* ORS 250.085(5) (stating standard of review). For the reasons explained below, we refer the ballot title to the Attorney General for modification.

Initiative Petition 23, if enacted, would add the following text to the Oregon Revised Statutes:

> "No employee shall be required to pay money to a union or be represented by a union unless within the four years previous to the effective date of this section a majority of the subject employees have voted in a secret ballot election to be represented by the union. Due to the serious potential for coercion and undue pressure, an employee's card check authorization shall not be deemed a valid vote for unionization."

The Attorney General certified the following ballot title for Initiative Petition 23:

"UNION REPRESENTATION, CONTRIBUTIONS TO REPRESENTATION COSTS NOT REQUIRED UNLESS ELECTION HELD WITHIN LAST FOUR YEARS

"RESULT OF 'YES' VOTE:   'Yes' vote eliminates any requirement that union represent an employee or employee share representation costs, unless secret-ballot election authorized union within past four years.

"RESULT OF 'NO' VOTE:   'No' vote retains existing law: once employees choose union (by election or written authorization procedure), union represents all employees; contract may require sharing representation costs.

"SUMMARY:   Under current law, employees may choose union representation by majority of votes cast in secret-ballot election or through employer recognition based on written authorizations from majority of employees. Representation continues unless 30 percent of employees show support for election to decertify union and majority vote to decertify. Selected union must represent all

employees, regardless of union membership. A collective bargaining agreement may require all employees to contribute to representation costs. Under measure, no employee may be required to be represented by union or to contribute to costs of representation unless a majority of 'subject employees' (not defined) have voted in a secret-ballot election within the four years before this measure's effective date. Employee's 'card check authorization' (undefined) is not a valid vote. Other provisions."

Petitioners challenge the caption, the "yes" vote result statement, and the summary.

The proposed measures in this case and in *Chamberlain v. Myers (S055744)*, 344 Or 605, 189 P3d 6 (2008), differ in one respect.[1] Although the proposed measures are substantially the same, they differed sufficiently to persuade the Attorney General to certify substantially different captions and "yes" vote result statements.[2] Because those parts of the ballot titles and petitioners' corresponding challenges to them differ, we cannot rely completely on our decision in *Chamberlain (S055744)* to resolve petitioners' challenges in this case.

We begin with petitioners' challenge to the caption. *See* ORS 250.035(2)(a) (requiring a 15-word caption that reasonably identifies the subject matter of the measure). Petitioners do not argue that the words that the Attorney General used in the caption are inaccurate or otherwise fail to identify the measure's subject matter. Rather, they argue that the caption is deficient only because it does not put the word "representation" in quotation marks. Petitioners reason that quotation marks are necessary to signal that federal and state laws will continue to require unions to represent all the

---

[1] The proposed measure in this case provides:

"[n]o employee shall be required to pay money to a union or be represented by a union unless *within the four years previous to the effective date of this section* a majority of the subject employees have voted in a secret ballot election to be represented by the union."

(Emphasis added.) The proposed measure in *Chamberlain (S055744)* omits the italicized wording but is otherwise identical.

[2] The summaries for the two measures appear substantially the same, with one exception that we note below.

employees in a bargaining unit even if the proposed measure passes.

We considered the premise of petitioners' argument in *Caruthers v. Myers*, 344 Or 596, 189 P3d 1 (2008), and agreed that the proposed measure would have no effect on a private sector union's federal obligation to represent all the employees in a bargaining unit and that its effect on a public sector union's comparable state obligation was unclear. The narrow question that petitioners' argument in this case raises, however, is whether putting quotation marks around the word "representation" is required to communicate that limitation. We do not think that it is.

This court has required the Attorney General to put a term used in a ballot title in quotation marks when that term is used in the proposed measure and its meaning is ambiguous. *See Wolf v. Myers*, 343 Or 494, 501, 173 P3d 812 (2007) (so explaining). In that context, quotation marks serve to highlight "technical terms expected to be unfamiliar to the reader," as well as words used in an unusual or uncertain sense. *See Webster's Third New Int'l Dictionary* 1868 (unabridged ed 2002) (defining "quotation mark"). Accordingly, this court has required the use of quotation marks around a term when there are multiple accepted meanings for the term and the measure clarifies which of those accepted meanings is meant, *Tauman v. Myers*, 343 Or 299, 303, 170 P3d 556 (2007), as well as when the term is not defined in the measure and has no "plain meaning," *Morgan v. Myers*, 342 Or 165, 168, 149 P3d 1160 (2006).

By contrast, this court has not required the use of quotation marks to indicate that the *effect* of a proposed measure is limited because it either conflicts or may conflict with settled law. That use would be inconsistent with the common understanding of what quotation marks do and thus be more likely to enhance voter confusion than reduce it. Putting the word "representation" in quotation marks, for instance, would likely lead voters to conclude that the measure, if enacted, would relieve unions of the obligation to take a certain action with regard to certain employees that is similar to, but not the same as, representation. It would not be likely to lead voters to conclude that the measure, if enacted,

would not relieve unions of their obligation to represent all the employees in the bargaining unit. Yet, it is the latter concern that gives rise to petitioners' objection to the ballot title. Given the limited nature of petitioners' objection to the caption, we cannot say that the caption does not substantially comply with the Attorney General's obligation to identify the subject matter of the ballot title.[3]

Petitioners raise two challenges to the "yes" vote result statement. *See* ORS 250.035(2)(b) (requiring "a simple and understandable statement of not more than 25 words that describes the result if the state measure is approved"). They argue that telling voters that the proposed measure, if enacted, would "eliminate[ ] any requirement that [a] union represent an employee" overstates the measure's effect. We agree for the reasons stated in *Caruthers*, 344 Or at 603-04. They also argue that the "yes" vote result statement should tell voters that the proposed measure, if enacted, would effect a significant change in secret-ballot elections by replacing the current simple majority standard for winning elections with an absolute majority standard. We agree for the reasons stated in *Chamberlain (S055744)*, 344 Or at 610.

Finally, petitioners challenge the summary. *See* ORS 250.035(2)(d) (requiring "[a] concise and impartial statement of not more than 125 words summarizing the state measure and its major effect"). They contend that the summary "fails to make clear that [the] proposed measure would have different effects in the public and private sector." They also argue that it fails to effectively highlight the change that the proposed measure would impose on the type of majority necessary to win a union representation election. The summary in this case is substantially the same as the summary in *Chamberlain (S055744)*, and we agree with both of petitioners' challenges to the summary for the reasons stated in that opinion.[4] Accordingly, we refer the "yes" vote result

---

[3] Although the Attorney General is not required to put the word "representation" in quotation marks, on referral, he may modify the caption in other ways to meet petitioners' concern if he chooses. *See Sizemore/Terhune v. Myers*, 342 Or 578, 591, 157 P3d 188 (2007) (stating proposition).

[4] The summary in this case differs from the summary in *Chamberlain (S055744)* in one respect. The summary in this case states that, under the measure, no employee representation may be required of a union "unless a majority of

statement and the summary to the Attorney General for modification.

Ballot title referred to the Attorney General for modification.

---

'subject employees' (not defined) have voted in a secret-ballot election within the four years before this measure's effective date." The measure, however, does not require merely that a majority of "subject employees" vote. It requires that a majority vote "to be represented by the union." Although petitioners have not objected to that aspect of the summary, the Attorney General is free on referral to modify the summary to conform to the measure. *See Sizemore / Terhune*, 342 Or at 591 (stating proposition).