On petition to review ballot title filed February 25, considered and under advisement April 30, ballot title referred to the Attorney General for modification June 19, modified ballot title certified July 7, 2008

(345 Or 96)

Jerry CARUTHERS
& Larry Wolf,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S055745)

189 P3d 1

Margaret S. Olney, of Smith, Diamond & Olney, Portland, filed the petition for review.

Stacy RJ Guise, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

KISTLER, J.

**KISTLER, J.**

Petitioners seek review of the Attorney General's certified ballot title for Initiative Petition 27 (2010). *See* ORS 250.085(2) (specifying requirements for seeking review of certified ballot title). This court reviews the certified ballot title to determine whether it substantially complies with ORS 250.035(2). *See* ORS 250.085(5) (stating standard of review). For the reasons explained below, we refer the ballot title to the Attorney General for modification.

■      Initiative Petition 27, if enacted, would add the following text to the Oregon Revised Statutes:

"No employee shall be required to pay dues or other monies to a union and no union shall be required to represent or bargain for an employee who chooses not to be a member of the union.

"(a)   If an employee has not expressly agreed in writing to be a member of or be represented by a union, then no money shall be deducted from the employee's paycheck for the benefit of a union. Any employee of a collective bargaining unit may withdraw from union membership and/or representation at any time by delivering a signed, dated, written notice to his or her employer stating that the employee does not wish to be represented by the union.

"(b)   This section shall not be implemented in a manner impairing the obligations of an existing contract, but shall affect new contracts and extensions to existing contracts. If this section is invalidated by a court of competent jurisdiction in regard to any person or group of persons, it shall remain in full force and effect for all persons and groups for which it has not been invalidated."

The Attorney General certified the following ballot title for Initiative Petition 27:

"PROHIBITS REQUIRING EMPLOYEES TO SHARE COSTS OF UNION REPRESENTATION; UNION NOT REQUIRED TO REPRESENT NONMEMBERS

"RESULT OF 'YES' VOTE:   'Yes' vote prohibits requiring employees within bargaining unit to share costs of union representation; union is not required to represent or bargain for nonmember employees.

"RESULT OF 'NO' VOTE: 'No' vote retains current law authorizing agreements requiring employees to contribute to representation costs, requiring union to represent all bargaining unit employees regardless of membership.

"SUMMARY: Currently, employees may elect to be represented in collective bargaining by union they choose. An employee may decline to join union. Selected union must bargain for and fairly represent all bargaining unit employees, regardless of union membership. Collective bargaining agreement may require employees to contribute to representation costs and may authorize payment through payroll deduction. Measure prohibits agreements requiring employees to contribute to representation costs. Provides that unions shall not be required to represent or bargain for employees who are nonmembers. Prohibits deductions from an employee's paycheck for benefit of a union unless the employee has expressly agreed in writing to become a member of or be represented by the union. Allows employee to withdraw from union at any time with written notice. Other provisions."

Petitioners challenge the caption, the "yes" vote result statement, and the summary. Petitioners' challenges to the various parts of the ballot title turn on the degree to which, in drafting a ballot title, the Attorney General must describe the effect of a measure in its statutory context, and we begin with that issue.

The proposed measure would change state law to provide, among other things, that "no union shall be required to represent or bargain for an employee who chooses not to be a member of the union." Petitioners argue that settled federal law requires a private sector union to represent all the employees in a bargaining unit and that that federal requirement will continue to apply notwithstanding any changes that the proposed measure might make to state law. *See Abood v. Detroit Board of Education*, 431 US 209, 224, 97 S Ct 1782, 52 L Ed 2d 261 (1977) (unions subject to National Labor Relations Act (NLRA), 29 USC §§ 151-169, must represent all employees within the bargaining unit); *Brown v. Hotel Employees*, 468 US 491, 503, 104 S Ct 3179, 82 L Ed 2d 373 (1984) (federal labor law preempts inconsistent state

law). Petitioners also argue that current state law would continue to impose similar obligations on public sector unions even if the measure is enacted. *See Sizemore v. Kulongoski*, 322 Or 229, 236 n 4, 905 P2d 1146 (1995) (public employee unions must represent all employees, union and nonunion). Petitioners conclude that, considered in the context of those statutes, the effect of the proposed measure is more limited than the ballot title states.

The Attorney General recognizes that the premise of petitioners' argument "may well be correct." That is, the Attorney General does not dispute that, if the measure were adopted, its effect would be limited. The Attorney General observes, however, that petitioners' argument rests in part on a determination that federal law would preempt part of the proposed measure—a determination that he asserts "is beyond the scope of the ballot title process." Accordingly, he reasons that the ballot title properly describes the terms of the ballot measure without regard to its actual effect (or lack of effect) on existing law.

ORS 250.035 requires the Attorney General to draft a 15-word caption that "identifies the subject matter of the state measure," a 25-word "yes" vote result statement that "describes the result if the * * * measure is approved," and a 125-word summary of the "measure and its major effect." ORS 250.035(2)(a), (b), and (d). The purpose of those requirements is to ensure that voters have accurate information about the subject and effect of a proposed measure. This court has held that, to comply with those statutory requirements, the Attorney General may have to go beyond the words of a measure in order to give the voters accurate and neutral information about a proposed measure. *See Wolf v. Myers*, 343 Or 494, 500-01, 173 P3d 812 (2007) (ballot title preparation requires some level of interpretation of the measure); *Pelikan/Tauman v. Myers*, 342 Or 383, 389, 153 P3d 117 (2007) ("[W]hen the effects of a measure are not reasonably subject to dispute, the Attorney General may (and sometimes must) go beyond the terms of the measure and mention those effects in the ballot title"); *Kain/Waller v. Myers*, 337 Or 36, 40-41, 93 P3d 62 (2004) (explaining that determining the subject matter of a measure requires, among other things, examining the changes that a measure would make "in the

context of existing law" and requiring that the caption neither understate nor overstate those changes).

In this case, petitioners argue that the ballot title fails to put the proposed measure "in the context of existing law." *See Kain / Waller*, 337 Or at 41 (describing that requirement). We agree with petitioners' argument. As petitioners have argued and as the Attorney General has not disputed, settled federal law requires private sector unions to represent all employees in a bargaining unit without regard to whether they are union members. *Abood*, 431 US at 224. Although the proposed measure purports to excuse private sector unions from that obligation as a matter of state law, state law cannot excuse what federal law requires. *Brown*, 468 US at 503. Not only is the law settled but its application here is clear. Under settled law, the proposed measure would have no effect on a private sector union's federal obligation to represent all the employees in a bargaining unit.

In responding to petitioners' objections to the ballot title, the Attorney General does not address this court's decision in *Kain / Waller*, which requires that the Attorney General examine the words of a measure in the context of existing law. Rather, he argues:

> "Petitioners' real objection appears to be that the measure cannot do what it purports to do: eliminate a union's requirement to represent nonmembers. Petitioners may well be correct. But the validity of the measure itself is beyond the scope of the ballot title process."

The Attorney General does not cite any authority in support of that argument. He did, however, cite *Sizemore v. Myers*, 326 Or 220, 953 P2d 360 (1997), in support of that proposition before the Secretary of State. In *Sizemore*, this court held that the ballot title in that case need not discuss the effect that a proposed constitutional amendment to prohibit regional governments would have on Oregon's constitutional home rule provisions. 326 Or at 231. The court reasoned that discussion of that issue "would require extensive legal interpretation, not only of the proposed initiative measure, but also of the interaction of the initiative measure with other constitutional provisions." *Id.*

This aspect of the case does not present the same problem that concerned the court in *Sizemore*. In *Sizemore*, the relationship between the proposed measure and existing law was complex and unresolved. Here, the relationship between the proposed measure and existing federal law is straightforward and settled. When petitioners objected to the Attorney General's proposed ballot title on the ground that, under settled federal law, the effect of the measure would be more limited than the ballot title explained, *Sizemore* provided no basis for avoiding the Attorney General's obligation to describe the proposed measure accurately.

Even though the proposed measure would not affect a private sector union's federal obligation to represent all the employees within a bargaining unit, federal labor law does not apply to state public sector unions. Regarding state public sector unions, petitioners argue that "the practical effect of the measure's provision allowing a union to refuse 'to represent' a non-member is unclear." They note that existing state statutes impose interrelated obligations on public sector unions to represent all members of a bargaining unit, that a union's failure to represent all the members of the bargaining unit could constitute a violation of those statutes, and that the extent to which the measure would change those obligations is not certain. As noted, the Attorney General acknowledges that petitioners "may well be correct."

Either the legislature or the people acting through the initiative may repeal or amend existing state statutes. The interpretive issue posed by the proposed measure is the extent to which the proposed measure, if adopted, would alter existing state law governing the relations between public sector unions and the workers they represent. The answer to that interpretative issue is, as petitioners acknowledge, complex. Unlike the effect on private sector unions, the effect of the proposed measure on public sector unions cannot be described as clear. It follows that, in this case, the issue becomes how should the Attorney General draft a ballot title when faced with such an ambiguity.

On that issue, this court explained in *Wolf* that, when there are two or more plausible interpretations of a proposed measure, "we ordinarily have declined to choose (or

to permit the Attorney General to choose) one of those interpretations for purposes of the ballot title." 343 Or at 501; *see also Sizemore*, 326 Or at 231 (declining to require Attorney General to resolve ambiguity). Rather, the court explained that, in drafting the ballot title, the Attorney General should communicate the ambiguity to the voters, and it identified various ways in which the Attorney General could accomplish that task. 343 Or at 501-02. In some cases, it may be appropriate to use the terms from the measure. *Id.* The court cautioned, however, that

> "merely using terms taken from the measure itself does not necessarily meet the statutory requirements for a ballot title, and the Attorney General is required to draft a ballot title that accurately describes the subject matter of the proposed measure, the result if the measure were to pass, and the major effect of the measure."

*Id.* at 502.

■        With that background in mind, we turn to petitioners' objections to the caption, the "yes" vote result statement, and the summary. As noted, ORS 250.035(2)(a) requires the Attorney General to draft a 15-word caption that "reasonably identifies the subject matter of the state measure." In this case, the Attorney General sought to identify the subject matter of the measure by describing its two purported major effects. *See Kain v. Myers*, 336 Or 116, 120-21, 79 P2d 864 (2003) (noting that method as one way of identifying a measure's subject matter). Specifically, the Attorney General certified the following caption:

"PROHIBITS REQUIRING EMPLOYEES TO SHARE
COSTS OF UNION REPRESENTATION; UNION NOT
REQUIRED TO REPRESENT NONMEMBERS"

The difficulty with Attorney General's caption is that the second effect that he identifies is not an accurate description of one of the measure's effects and thus does not substantially comply with ORS 250.035(2)(a). *See Kain/Waller*, 337 Or at 40 (caption should not "understate or overstate the scope of the legal changes that the proposed measure would enact"). As explained above, the proposed measure would not relieve a private sector union of its federal obligation to represent all the members of the bargaining unit, and the measure's effect on a public sector union's state obligation to represent all the

members of a bargaining unit is unclear. In this context, merely repeating the words of the proposed measure does not communicate the measure's more limited effect. *See Wolf*, 343 Or at 502 (recognizing that proposition).[1] The caption must be modified.

■ Petitioners also challenge the "yes" vote result statement, arguing that it is deficient for the same reason that the caption is: It tells the voters, without qualification and thus inaccurately, that one effect of a "yes" vote is that a "union is not required to represent or bargain for nonmember employees." The "yes" vote result statement should reflect the measure's more limited effect. *See Novick/Crew v. Myers*, 337 Or 568, 574, 100 P3d 1064 (2004) ("yes" vote result statement should reflect a proposed measure's "most significant and immediate" consequences); *Pelikan/Tauman*, 342 Or at 390-91 (concluding that "yes" vote result statement should reflect effect on plaintiff's lawyers of a general limitation on contingent fees). Like the caption, the "yes" vote result statement must be modified.

■ Finally, petitioners challenge the summary. ORS 250.035(2)(d) requires "[a] concise and impartial statement of not more than 125 words summarizing the state measure and its major effect." Petitioners argue that the summary, like the caption and "yes" vote result statement, must inform voters that the measure's actual effect would be more limited than the face of the measure would suggest. For the reasons stated above, we agree. *See Pelikan/Tauman*, 342 Or at 390-91 (concluding that summary should reflect effect on plaintiff's lawyers of a general limitation on contingent fees). Accordingly, we refer the caption, "yes" vote result statement, and the summary to the Attorney General for modification.

Ballot title referred to the Attorney General for modification.

---

[1] We recognize that, if the Attorney General seeks to describe the subject matter of the measure by listing its major effects, the task of drafting a 15-word caption that accurately describes those effects while also distinguishing between private and public unions could present difficulties. As this court has observed, however, the Attorney General can sometimes avoid those difficulties by describing the subject matter of the measure more generically. *See Kain*, 336 Or at 121 (discussing that issue).