On petitions to review ballot title filed September 23, considered and under advisement on November 17, ballot title referred to Attorney General for modification December 31, 2009, modified ballot title certified January 19, 2010 (347 Or 535)

Wayne BRADY,
Duane Fletchall, Fred Girod,
and Sarah Hunt Vasche,
*Petitioners,*

*v.*

John R. KROGER,
Attorney General,
State of Oregon,
*Respondent.*

Steven C. BERMAN,
*Petitioner,*

*v.*

John R. KROGER,
Attorney General,
State of Oregon,
*Respondent.*

(SC S057816)

225 P3d 36

Sarah Hunt Vasche, Salem, filed the petition and reply memorandum for petitioners Wayne Brady, Duane Fletchall, Fred Girod, and Sarah Hunt Vasche. With her on the petition and reply memorandum was Ross A. Day.

Thomas K. Doyle, Bennett, Hartman, Morris & Kaplan, LLP, Portland, filed the petition and reply memorandum for petitioner Steve Berman.

Paul L. Smith, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With him on

the memorandum were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

KISTLER, J.

**KISTLER, J.**

Two petitions[1] have been filed challenging the Attorney General's certified ballot title for Initiative Petition 56 (2010). *See* ORS 250.085(2) (specifying requirements for seeking review of a certified ballot title). This court reviews the certified ballot title to determine whether it substantially complies with ORS 250.035(2). *See* ORS 250.085(5) (stating standard of review). For the reasons set out below, we refer the ballot title to the Attorney General for modification.

Initiative Petition 56, if enacted, would affect criminal law in three respects.[2] First, it would require an inmate incarcerated for a felony to serve at least 80 percent of his or her sentence,[3] but it would not affect mandatory minimum sentences. Second, it would permit trial courts to require, as part of an inmate's sentence, that the Department of Corrections (DOC) provide appropriate drug treatment services. Third, as a general rule, it would give trial courts discretion to require that sentences be served consecutively or concurrently.[4]

The Attorney General certified the following ballot title for Initiative Petition 56:

**"Increases required felony incarceration time;
creates consecutive sentence presumption; expands
court's consecutive sentence imposition authority**

**"Result of 'Yes' Vote**: 'Yes' vote requires incarceration for at least 80 percent of felony sentence; creates consecutive sentence presumption; gives court additional broad discretion to impose consecutive sentences.

---

[1] Steve Berman filed one petition. Wayne Brady, Duane Fletchall, Fred Girod, and Sarah Hunt Vasche (the Brady petitioners) filed the other.

[2] A copy of the initiative petition is attached as an appendix to this opinion.

[3] Current law provides that felons sentenced under the sentencing guidelines are eligible for up to a 30 percent reduction in their sentences. Or Laws 2009, ch 660, § 18(7)(b).

[4] The measure also provides that "[a] sentence is a consecutive term unless the judgment expressly provides for concurrent sentences." That part of the measure provides a rule for interpreting judgments that do not state whether multiple sentences should be served consecutively or concurrently. It does not condition a trial court's authority to impose concurrent sentences on making certain findings.

"**Result of 'No' Vote**:  'No' vote retains current law requiring incarceration for minimum 70 percent of felony sentence, presumption of concurrent sentences but allowing consecutive sentences in defined circumstances.

"**Summary**:  Current law allows early release of some inmates who have served at least 70 percent of their felony sentences; does not allow any reduction of mandatory minimum sentences; requires drug treatment for certain offenders. Current law presumes that criminal sentences are to be served concurrently and allows consecutive sentences only upon specified factual findings by the court. Measure requires all inmates to serve at least 80 percent of original term of incarceration imposed by sentencing court; retains requirement that mandatory minimum sentences may not be reduced. Measure retains requirement that Department of Corrections provide drug treatment services to specified individuals. Measure presumes that criminal sentences are to be served consecutively, but gives trial court additional broad discretion to impose concurrent or consecutive sentences. Other provisions."

Petitioners challenge the caption, the "yes" vote result statement, the "no" vote result statement, and the summary.

■      ORS 250.035(2)(a) requires the Attorney General to draft a 15-word caption that "reasonably identifies the subject matter of the state measure." In this case, the Attorney General sought to identify the subject matter of the measure by referring to two of its effects: the increased length of time incarcerated felons will serve and the grant of discretion to trial courts to impose consecutive or concurrent sentences. *See Kain v. Myers*, 336 Or 116, 121, 79 P3d 864 (2003) (recognizing that listing a measure's effects is one way to identify its subject matter). The Brady petitioners argue that the caption is underinclusive because it omits any reference to a third and equally important effect of the measure—granting trial courts authority to require DOC to provide drug treatment to certain inmates. The Attorney General responds that drug treatment is a minor aspect of the measure and that, in any event, that aspect of the measure does not change current law.

In considering the parties' arguments, we begin with a brief discussion of current law and the change that the initiative petition would make. In 2008, the people enacted an

initiated measure that, among other things, required DOC to provide drug treatment services to certain drug-dependent inmates. Or Laws 2008, ch 14, § 8(1)(a). In 2009, the legislature repealed that provision of the 2008 law. Or Laws 2009, ch 660, § 47(1). As part of the same bill, the 2009 legislature enacted a replacement drug treatment provision that is identical in most respects to the 2008 provision that it repealed. *Id.* § 12. However, the 2009 drug treatment provision does not go into effect until January 1, 2012. *Id.* § 48(4). Initiative Petition 56, if enacted, would permit trial courts to require DOC to provide drug treatment services to certain inmates a year earlier, on January 1, 2011.[5]

As noted, the Attorney General contends that the ballot title need not mention the provision requiring drug treatment services because the measure, if enacted, would not change current law. We reach a different conclusion. If enacted, the measure would require DOC to provide drug treatment services to certain inmates a year earlier than the 2009 legislation would.[6] Additionally, we conclude that that aspect of the measure is of sufficient significance that it should be mentioned in the caption, at least as long as the Attorney General chooses to describe the subject matter of the measure by listing its effects.

---

[5] The drug treatment provisions in Initiative Petition 56 and the 2009 legislation differ in an additional, more minor respect. Initiative Petition 56 would give a sentencing court authority to require DOC to provide drug treatment services to certain inmates, while the 2009 legislative provision places a statutory obligation directly on DOC to provide drug treatment services to a described class of inmates.

[6] The Attorney General observes that, even without the 2009 legislation, a trial court can always include a requirement for drug treatment in a defendant's sentence. He is careful to note, however, that "[w]hether a court could order the Department of Corrections to provide a drug-treatment program that is not otherwise required by law is less certain." The Attorney General identifies no statute that would require DOC to comply with such an order, as Initiative Petition 56 would.

In that respect, we note that ORS 137.228(2) provides that, if a trial court finds that a convicted defendant is "an alcoholic or a drug-dependent person, the court, when it sentences the defendant to a term of imprisonment, shall direct the Department of Corrections to place the defendant in an alcohol or drug treatment program, to the extent that such resources are available." ORS 137.228(2) conditions a court's authority to direct DOC to provide alcohol and drug treatment services on the availability of resources; Initiative Petition 56, by contrast, omits that condition.

■     Petitioner Berman raises a different challenge to the caption. He argues that the use of the term "increases" is too broad. Berman notes that, because the measure does not affect mandatory minimum sentences, a person serving a mandatory minimum sentence will still be required to serve 100 percent of that sentence. Some mandatory minimum sentences, such as Measure 11 sentences, will also be the maximum sentence for the crime, and a defendant sentenced for a Measure 11 offense will have to serve that sentence with no reduction. *Cf. State v. Rodriguez/Buck*, 347 Or 46, 72-73, 217 P3d 659 (2009) (explaining that the Measure 11 sentence in that case was both the minimum and the maximum sentence). Finally, Berman notes that Measure 11 sentences are "mandatory minimum sentences [that] currently make up nearly half the Oregon prison population." Berman concludes that, because the measure will not increase the time that a significant number of inmates—those sentenced to Measure 11 sentences—will have to serve, the unqualified use of the word "increases" in the caption is misleading.

The Attorney General does not dispute that the measure would not affect mandatory minimum sentences. He also does not dispute that persons serving Measure 11 sentences would have to serve 100 percent of those sentences and that the measure would not increase the incarceration time for all felonies. The Attorney General argues, however, that the use of the word "required" communicates that the measure would have a more limited effect. He reasons:

> "What the measure would do is raise the floor on felony incarcerations, even though it would not raise the ceiling. So, as the caption accurately states, the measure 'increases *required*' felony incarceration time."

(Emphasis in original.)

In our view, the Attorney General's reading of the caption is not the most natural one. Rather, the caption, as written, implies that the measure would increase the required incarceration time for *all* felonies when, in fact, it would increase the required incarceration time for only *some* felonies. Put differently, we do not think that the word "required" communicates the limited extent to which the measure would increase felony incarceration time.

■ Petitioners also challenge the "yes" and "no" vote result statements. ORS 250.035(2)(b) and (c) require "simple and understandable statement[s] of not more than 25 words that describe[ ] the result" if the measure is approved and disapproved. The Brady petitioners challenge both the "yes" and "no" vote result statements for the same reason that they challenged the caption: the result statements fail to mention the drug treatment component of the measure. For the reasons stated above, we agree with the Brady petitioners.[7]

■ Petitioner Berman challenges the "yes" vote statement for the same reason that he challenges the caption—it is overinclusive as to the term of incarceration. Unlike the caption, however, we conclude that the "yes" vote result statement substantially complies with ORS 250.085(2)(b). The first part of the "yes" vote result statement refers to incarceration for "*at least* 80 percent of felony sentence." (Emphasis added.) The inclusion of "at least" implies that some felonies will require incarceration for more than 80 percent of the sentence. That phrase captures the idea that the measure will not increase the time served for all felonies and is sufficient to describe the measure's result, at least as long as we review the ballot title only for substantial compliance.

■ Finally, both the Brady petitioners and petitioner Berman challenge the summary. ORS 250.035(2)(d) requires "[a] concise and impartial statement of not more than 125 words summarizing the state measure and its major effect." Petitioner Berman argues that the following sentence is unnecessary: "Measure retains requirement that Department of Corrections provide drug treatment services to specified individuals." He reasons that, because DOC currently must provide drug treatment if the trial court orders it, the sentence should be deleted. As explained above, however, the statutes currently do not require DOC to provide drug treatment services to inmates. The measure, if enacted, would

---

[7] Petitioner Berman also challenges the "no" vote result statement because it fails to describe the current law regarding required drug treatment. We agree with both Berman and the Brady petitioners that the "no" vote result statement should describe what the law will be regarding required drug treatment services if the measure is not approved.

impose that requirement a year earlier than the 2009 legislation. Accordingly, we do not agree with Berman's argument.

The Brady petitioners raise a related but different argument. They argue that two sentences—the sentence stating that "[c]urrent law * * * requires drug treatment for certain offenders" and the sentence stating that the measure "retains requirement that Department of Corrections provide drug treatment to specified individuals"—are inaccurate. They contend that the law currently does not require treatment and that the measure thus will not "retain" such a requirement. For the reasons explained above, we agree with the Brady petitioners' challenges to both sentences.

The ballot title is referred to the Attorney General for modification.

## APPENDIX

The People hereby enact the following statute as the Oregon Truth in Sentencing Act:

Section 1.   a.   Notwithstanding any other provision of law, no inmate who is incarcerated as a result of a felony conviction shall received any reduction in sentence, release from custody, conditional release from custody, or any other form of early release, where such action will cause such inmate to serve any less than 80% of the original term of incarceration imposed by the sentencing court.

b.   This section does not in any fashion allow reduction of any mandatory minimum prison term, by any amount; any inmate must always serve 100% of any mandatory minimum term of imprisonment.

Section 2.   a.   When a defendant is sentenced for any felony crime, the sentence imposed by the court may include a requirement that the Department of Corrections shall provide appropriate drug treatment services, where the sentencing court finds:

   i.)   The defendant is drug addicted;
   ii.)   The defendant is at a high or medium risk of reoffending without treatment; and
   iii.)   The defendant has moderate to severe treatment needs.

b.   Nothing in this Section creates any claim, right of action, or civil liability. This Section only requires the Department of Corrections to carry out the order of the sentencing court. The Department has the discretion to determine what drug treatment services are appropriate for the defendant.

Section 3.   a.   A sentence imposed by the court may be made concurrent or consecutive to any other sentence that has been previously imposed or is simultaneously imposed upon the same defendant. A sentence is a consecutive term unless the judgment expressly provides for concurrent sentences.

b.   When a defendant is sentenced for a crime committed while the defendant was incarcerated after sentencing for the commission of a previous crime, the court shall provide that

the sentence for the new crime be consecutive to the sentence for the previous crime.

Section 4.    ORS 137.123 is repealed.

Section 5.    This Act is effective January 1, 2011, and applies to any sentence imposed for acts committed on or after January 1, 2011.