Filed: July 28, 2011

IN THE SUPREME COURT OF THE STATE OF OREGON

DANIEL P. LAVEY and ANNA
RICHTER TAYLOR,

Petitioners,

v.

JOHN R. KROGER, Attorney General,
State of Oregon,

Respondent.

(SC S059447)

En Banc

On petition to review ballot title filed May 17, 2011, considered and under advisement June 22, 2011.

Gregory A. Chaimov of Davis Wright Tremaine, LLP, Portland, filed the petition and reply memorandum for petitioners.

Erin C. Lagesen, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the answering memorandum were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

LANDAU, J.

The ballot title is referred to the Attorney General for modification.

LANDAU, J.

Petitioners seek review of the Attorney General's certified ballot title for Initiative Petition 16 (2012), arguing that the ballot title does not satisfy the requirements of ORS 250.035(2). *See* ORS 250.085(2) (specifying requirements for seeking review of certified ballot titles). We review a certified ballot title to determine whether it substantially complies with those statutory requirements. *See* ORS 250.085(5) (stating standard of review). For the reasons that follow, we refer the ballot title to the Attorney General for modification.

Initiative Petition 16, a copy of which is attached as an appendix to this opinion, would amend several statutory provisions under ORS chapters 815 and 818, regarding the use of studded tires on public roads. Currently, ORS 815.160 makes it a Class C traffic violation for a person to drive a vehicle equipped with studded tires on any Oregon highway. ORS 815.165 then lists 12 exemptions to that blanket prohibition, including exemptions for certain vehicles that serve a public function, like school buses, ORS 815.165(8), and emergency vehicles, ORS 815.165(9). Another exemption, ORS 815.165(7), provides that, between November 1 and April 1, a person may drive a vehicle equipped with studded tires. That subsection also gives the Oregon Department of Transportation (ODOT) authority to shorten or lengthen the period of time for the permissible use of studded tires for any area of the state, if doing so would help to preserve the highway surfaces or enhance public safety. Yet another exemption, ORS 815.165(12), provides that a person may operate a vehicle equipped with "retractable" studded tires at any time during the year.

1

In addition to those statutory exemptions, ORS 818.200 allows "a road authority," including ODOT, to issue a "variance permit" to any person if doing so would serve the public interest. Pursuant to that permit, a person could equip a vehicle with studded tires of any kind and at any time of the year without violating ORS 815.160.

Initiative Petition 16 would delete the two exemptions provided under ORS 815.165(7) and (12). It would also amend ORS 818.200 so that no road authority would be allowed to issue a variance permit for the use of studded tires.

The Attorney General certified the following ballot title for Initiative Petition 16:

"**Prohibits the use of studded tires, including retractable studded tires, at all times of year**

"**Result of 'Yes' Vote:** 'Yes' vote creates year-round ban on studded-tire use, violations of which are punishable by fines; prohibits issuance of permits allowing studded-tire use.

"**Result of 'No' Vote:** 'No' vote retains motorists' option to use studded tires November to April, other times if authorized by ODOT/other road authority, or if studs retractable.

"**Summary:** Current Oregon law prohibits use of studded tires with specified exceptions; person committing unauthorized use of studded tires subject to fines, other penalties. One exception to the prohibition on studded-tire use allows motorists to use studded tires from November until April; ODOT has authority to shorten or lengthen the time period in which studded-tire use is permitted. Other exceptions allow use of retractable studded tires year round, and authorize ODOT/other road authorities to issue permits allowing studded-tire use at other times. Proposed measure eliminates these exceptions to studded-tire ban, resulting in year-round prohibition on use of studded tires, including retractable studded tires, and eliminating authority of ODOT/other road authorities to authorize studded-tire use by permit. Other provisions."

(Boldface in original.)

2

Petitioners contend that the ballot title is deficient in a number of different respects pertaining to the caption, the "yes" vote result statement, the "no" vote result statement, and the summary. We reject most of petitioners' arguments without discussion and write to address only one issue raised by petitioners that affects the caption and the "yes" vote result statement.

Petitioners argue that the caption for Initiative Petition 16 is defective because it "fails to identify the subject matter of the initiative." That is so, they argue, because the caption states that Initiative Petition 16 "[p]rohibits the use of studded tires * * * at all times of [the] year" when, in fact, such a ban already exists under ORS 815.160. Petitioners argue that the "major effect" of Initiative Petition 16 is the repeal of ORS 815.165(7) because repeal of that exemption would mean that Oregonians would no longer be allowed to use studded tires on public roads during winter months. Although petitioners acknowledge that repeal of ORS 815.165(7) creates, in effect, a year-round ban on the use of studded tires for general, daily use by most citizens, petitioners argue that the caption "obscures from voters the change the measure proposes."

A ballot title caption is a statement of not more than 15 words that "reasonably identifies the subject matter" of the measure. ORS 250.035(2)(a). To comply with that statutory standard, case law requires that the caption "state or describe the proposed measure's subject matter 'accurately, and in terms that will not confuse or mislead potential petition signers and voters.'" *Kain/Waller v. Myers*, 337 Or 36, 40, 93 P3d 62 (2004) (quoting *Greene v. Kulongoski*, 322 Or 169, 174-75, 903 P2d 366 (1995)). For purposes of this court's review, the "subject matter" of a ballot title is "the 'actual

3

major effect' of a measure or, if the measure has more than one major effect, all such effects (to the limit of the available words)." *Whitsett v. Kroger*, 348 Or 243, 247, 230 P3d 545 (2010). "To identify the 'actual major effect' of a measure, this court examines the text of the proposed measure to determine the changes that the proposed measure would enact in the context of existing law and then examines the caption to determine whether the caption reasonably identifies those effects." *Rasmussen v. Kroger*, 350 Or 281, 285, 253 P3d 1031 (2011).

In this case, petitioners are correct that the caption does not adequately identify the subject of the proposed initiative. The change proposed in Initiative Petition 16 would repeal only two of 12 exemptions of the already-existing, year-round ban on the use of studded tires. Thus, the caption -- which asserts that the measure will create a year-round ban -- is inaccurate and overly broad.

The caption is inaccurate in that it states that the measure would create a year-round ban on the use of studded tires in all cases. Initiative Petition 16, however, has no effect on the other 10 exemptions to the studded tire ban, including the right to use studded tires on any vehicle on a private road, ORS 815.165(2), on vehicles engaged in construction on highways in the state, ORS 815.165(4), on school buses, ORS 815.165(8), and on emergency vehicles, ORS 815.165(9), among others. A reasonable person, after reading the current caption, may be misled to think that Initiative Petition 16 would prohibit the use of studded tires in all of the above situations, instead of just the two uses for which the measure deletes exemptions. *See Brady/Berman v. Kroger*, 347 Or 518, 524, 225 P3d 36 (2009) (wording used in ballot title caption did not reflect the

4

"limited extent" to which the measure changed the current law).

The caption is overly broad in that it states that the measure will create a year-round ban on the use of studded tires when that is simply not the case. Such a ban already exists, and Initiative Petition 16 will have no effect on the other 10 exemptions to that ban. Several of the remaining exemptions under ORS 815.165 involve the use of vehicles to provide important government services. By failing to clarify for voters that the ban is not absolute, "the caption's phraseology is so broad that it fails to disclose the subject matter of the proposed measure in terms that give notice to the voters of the principal substantive choice or choices that the measure presents." *Rogers v. Myers*, 344 Or 219, 224, 179 P3d 627 (2008). Thus, the caption fails to substantially comply with the requirements of ORS 250.035(2)(a) and must be referred to the Attorney General for modification.

Petitioners argue that the "yes" vote result statement suffers from the same fatal defect as the caption; namely, the statement is misleading because it does not accurately state the change in the law that will occur if Initiative Petition 16 becomes law. ORS 250.035(2)(b) provides that a result statement must be a "simple and understandable statement of not more than 25 words that describes the result if the state measure is approved." To substantially comply with that standard, an *accurate* description of the change that will be caused by the measure is key. *See Caruthers v. Myers*, 344 Or 596, 600, 189 P3d 1 (2008) ("The purpose of [the] requirements [for ballot titles] is to ensure that voters have accurate information about the subject and effect of a proposed measure.").

5

As explained above, describing Initiative Petition 16 as creating an absolute year-round ban on the use of studded tires is inaccurate. Ten exemptions under ORS 815.165 will continue to exist and permit the use of studded tires on vehicles, such as school buses and emergency vehicles, that are engaged in important government activity. Therefore, we also refer the "yes" vote result statement to the Attorney General to modify that statement in a way that clarifies that result.

The ballot title is referred to the Attorney General for modification.

"Relating to studded tires; creating new provisions; amending ORS 815.045, 815.165 and 818.200; and repealing ORS 815.167.

"Be It Enacted by the People of the State of Oregon:

"**SECTION 1.** ORS 815.165 is amended to read:

"815.165. [*This section establishes exemptions from ORS 815.160. The exemptions under this section are in addition to any under ORS 801.026. Exemptions are partial or complete as described in the following:*] **The following are exempt from the prohibitions of ORS 815.160:**

"(1) Any vehicle on any way, thoroughfare or place owned by a district formed under ORS chapters 545, 547, 551 or a corporation formed under ORS chapter 554.

"(2) Any vehicle on any road or thoroughfare or property in private ownership or any road or thoroughfare, other than a state highway or county road, used pursuant to any agreement with any agency of the United States or with a licensee of such agency or both.

"(3) Operations approved under a variance permit issued under ORS 818.200, [*are*] subject to the terms of the permit. It shall be a defense to any charge of violation of ORS 815.160 if the person so charged produces a variance permit issued under ORS 818.200 authorizing the operation issued prior to and valid at the time of the offense.

"(4) Vehicles actually engaged at the time in construction or repair of highways in this state.

"(5) Traction engines moved upon dirt or unimproved roads.

"(6) Vehicles equipped with chains as defined in ORS 815.045.

"[*(7) Between November 1 of any year and April 1 of the following year, vehicles equipped with any tire having on its periphery studs of metal or other material projecting beyond the tread surface of the tire not less than four-hundredths (0.04) inch nor more than six-hundredths (0.06) inch and made of such material that the studs will wear, through use, at the same rate as the tread surface of the tire. When the preservation of the highway surface or the safety of the traveling public so indicates, the Department of Transportation shall have the authority to shorten or lengthen the period for the permissible use of such tires in any area of the*

*state specifically designated by the department*.]

"[*(8)*] **(7)** School buses with a loaded weight of 10,000 pounds or more.

"[*(9)*] **(8)** Emergency vehicles and ambulances used in an emergency situation.

"[*(10)*] **(9)** Motor vehicles used for regularly scheduled medical transport services.

"[*(11)*] **(10) The movement across or along a highway, by** the owner or lessee of any land adjoining [*any highway may move across or along*] the highway, **of** any tractor or implement of husbandry for the purpose of planting, cultivating, caring for or harvesting any crop, on condition that the owner or lessee shall be liable to the State of Oregon for the benefit of the State Highway Fund with respect to state highways, or to the proper county for the benefit of the county road fund with respect to county highways, for any damage or injury done to the highway by the movement.

"[*(12) Vehicles equipped with retractable studded tires as defined by ORS 815.045.*]

"**SECTION 2.** ORS 815.045 is amended to read:

"815.045. (1) The Oregon Transportation Commission shall adopt rules necessary to carry out ORS 815.140. The rules adopted by the commission:

"(a) Shall establish the various types of conditions under which vehicle traction tires or chains must be used.

"(b) Shall define types of vehicle traction tires or chains that may be used under various road conditions. The commission rules under this paragraph shall comply with the following:

"(A) Traction tire shall be defined to include any tire that meets traction standards established by the Department of Transportation.

"[*(B) Retractable studded tires or tires with studs that are permitted under ORS 815.165 shall be allowed as traction tires under the rules.*]

"[*(C)*] **(B)** The department may require that traction tires *[without studs]* bear identifying marks, defined by the department, that indicate that

the tire was manufactured specifically for adverse weather conditions.

"[*(D)*] **(C)** Chains shall be defined to include link chains, cable chains or any other device that attaches to the wheel, vehicle or outside of the tire and that augments the traction of the vehicle.

"[*(E) Retractable studded tires shall be defined to include tires with embedded studs that project beyond the tread surface only when a vehicle operator extends the studs to augment the traction of the vehicle.*]

"(c) Shall establish signs to be posted under conditions that require vehicle traction tires or chains.

"(d) May establish types or classes of vehicles that are exempt from requirements to use vehicle traction tires or chains under certain conditions if the commission determines that the operation of the class or type of vehicle would be safe under those conditions.

"(2) A road authority shall:

"(a) Determine when conditions on a segment of highway require the use of vehicle traction tires or chains as defined by the commission;

"(b) Determine which segments of a highway shall be posted as described under this section to require vehicle traction tires or chains; and

"(c) Provide for the placement and removal of signs requiring the use of vehicle traction tires or chains.

"**SECTION 3.** ORS 818.200, as amended by section 11, chapter 30, Oregon Laws 2010, is amended to read:

"818.200. (1) A road authority, or private contractor authorized by a road authority to do so, may issue a variance permit if it determines the public interests will be served. A variance permit issued under this section may allow any vehicle, combination of vehicles, load article, property, machine or thing to move over any highway or street under the jurisdiction of the road authority without violation of any of the following:

"(a) Maximum weight limits under ORS 818.020.

"(b) Posted weight limits under ORS 818.040.

"(c) Administratively imposed weight or size limits under ORS 818.060.

9

"(d) Maximum size limits under ORS 818.090.

"(e) Maximum number of vehicles in combination under ORS 818.110.

"(f) Posted limits on the use of road under ORS 818.130.

"(g) Towing safety requirements under ORS 818.160.

"(h) Use of devices without wheels under ORS 815.155.

"(i) Use of metal objects on tires under ORS 815.160**, except that a variance permit issued under this paragraph may not allow the use of tires with studs.**

"(j) Operation without pneumatic tires under ORS 815.170.

"(k) Misuse of a special left turn lane under ORS 811.346.

"(l) Improper use of the center lane on three-lane road under ORS 811.380.

"(m) Operation of a motor vehicle on a bicycle trail under ORS 811.435.

"(n) Failure to drive within a lane under ORS 811.370.

"(2) The fee for issuance of a variance permit under this section is the fee established under ORS 818.270. No fee shall be charged for issuance of a permit to the federal government, agencies of the State of Oregon, cities or counties.

"(3) A permit issued under this section is subject to all the provisions under ORS 818.220 and to any limits under ORS 818.210.

"(4) Prohibitions and penalties relating to the use of the permit are provided under ORS 818.340 and 818.350.

"(5) Violation of the conditions of the permit is subject to civil penalties as provided under ORS 818.410.

"**SECTION 4. ORS 815.167 is repealed.**

"**SECTION 5. The amendments to ORS 815.045, 815.165 and 818.200 by sections 1, 2 and 3 of this 2012 Act and the repeal of ORS 815.167 by section 4 of this 2012 Act become operative on May 1, 2013.**

10

"Note:  Matter in **boldfaced** type in an amended section is new; matter [*italic and bracketed*] is existing law to be omitted.  New sections are in **boldfaced** type."