814　　　　　　　September 14, 2017　　　　No. 46

IN THE SUPREME COURT OF THE
STATE OF OREGON

Ben UNGER,
*Petitioner,*

*v.*

Ellen ROSENBLUM,
Attorney General, State of Oregon,
*Respondent.*

(S064987)

En Banc

On petition to review ballot title filed May 30, 2017, considered and under advisement July 25, 2017.

Harry B. Wilson, Markowitz Herbold PC, Portland, filed the petition and reply for petitioner.

Shannon Reel, Assistant Attorney General, Salem, filed the answering memorandum for respondent. Also on the answering memorandum were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

KISTLER, J.

Ballot title referred to Attorney General for modification.

**KISTLER, J.**

Petitioner seeks review of the Attorney General's certified ballot title for Initiative Petition 2 (2018) (IP 2). *See* ORS 250.085(2) (specifying requirements for seeking review of certified ballot titles). We review ballot titles for substantial compliance with ORS 250.035. *See* ORS 250.085(5) (stating standard of review). For the reasons explained below, we refer the ballot title to the Attorney General for modification.

IP 2, if enacted, would change the way that signatures are gathered to put an initiative measure or a referendum on the ballot. Currently, once the Secretary of State determines that an initiative or referendum petition meets certain minimum requirements, the chief petitioners or petition circulators must collect signatures from registered voters on signature sheets prepared in accordance with the Secretary of State's rules. *See* ORS 250.045 (describing procedures for qualifying measures and referenda and signature sheet requirements); Elections Division, Oregon Secretary of State, *State Initiative & Referendum Manual* 8, 21 (Jan 2016), http://sos.oregon.gov/elections/Documents/stateIR.pdf (accessed Aug 16, 2017). For example, to put a measure enacting or amending a statute on the 2018 ballot, the chief petitioners would have to secure 88,184 valid, handwritten signatures on signature sheets that conform to the Secretary of State's requirements. *State Initiative & Referendum Manual* at 5.

IP 2 would make two major changes to those requirements. First, it would require the Secretary of State to adopt rules permitting registered voters to sign initiative and referendum petitions digitally. IP 2 § 1(d) (permitting digital signatures). Second, it would require the Secretary of State to create and administer a website where registered voters could sign petitions digitally. IP 2 § 1(f). The measure contemplates that registered voters would sign petitions digitally on the website created and administered by the Secretary of State. However, IP 2 does not expressly require the use of only that website.[1]

---

[1] The measure, if enacted, would amend one paragraph in ORS 250.105(1) and add another. The first paragraph would provide for digital signatures. IP 2

The Attorney General certified the following ballot title:

### "Secretary of State must enable and accept digital signatures for state initiative and referendum petitions

"**Result of 'Yes' Vote:** 'Yes' vote requires Secretary of State to manage website for submission of digital signatures for state initiative/referendum petitions; most/all signatures may be digital.

"**Result of 'No' Vote:** 'No' vote maintains existing law under which only written signatures on state initiative and referendum petitions are authorized.

"**Summary:** Oregon Constitution requires signatures by specified number of electors before a state initiative or referendum petition will appear on the ballot. Existing law requires Secretary of State to establish procedures for verifying signatures and only original, written signatures are accepted. Measure would require Secretary of State to adopt rules allowing for no less than nine-tenths of required signatures to be 'gathered from electors digitally using the internet and computers.' Measure also requires the Secretary of State to create and administer a website allowing electors to sign initiative and referendum petitions digitally using any type of internet connection, including smartphones, laptops, desktops, and tablets."

Petitioner challenges the caption, the "yes" vote result statement, and the summary. We begin with petitioner's challenge to the caption. ORS 250.035(2)(a) provides that a ballot title must contain a "caption of not more than 15 words that reasonably identifies the subject matter of the state measure." The "subject matter" of a ballot title is "its 'actual major effect' or, if more than one major effect, all effects that can be described within the available word limit." *Blosser/Romain v. Rosenblum (IP 45)*, 358 Or 295, 300, 365

---

§ 1(d). The second would require the Secretary to create and administer a website where voters can sign petitions digitally. IP 2 § 1(f). It is possible to read the text of the measure as requiring that all digital signatures be collected on the website created and maintained by the Secretary of State. However, it is also possible to read paragraph (1)(d) as permitting all digital signatures collected in compliance with the Secretary of State's rules and paragraph (1)(f) as identifying one but not the exclusive place where petitions may be signed digitally. We note the possible ambiguity without attempting to resolve it.

P3d 525 (2015) (quoting *Lavey v. Kroger*, 350 Or 559, 563, 258 P3d 1194 (2011)). To identify the "actual major effect" of a measure, we consider the "changes that the proposed measure would enact in the context of existing law." *Rasmussen v. Kroger*, 350 Or 281, 285, 253 P3d 1031 (2011). When the Attorney General chooses to describe a measure by listing the changes that the proposed measure would enact, some changes may be of "sufficient significance" that they must be included in the description. *Brady/Berman v. Kroger*, 347 Or 518, 523, 225 P3d 36 (2009); *see also Greenberg v. Myers*, 340 Or 65, 69, 127 P3d 1192 (2006) ("What the Attorney General cannot do is select and identify in a caption only one out of multiple subjects and thus understate the scope of the proposed measure's subject matter.").

The certified caption provides:

"Secretary of State must enable and accept digital signatures for state initiative and referendum petitions."

Petitioner contends that the caption does not substantially comply with the statutory requirements for two reasons. He argues initially that the caption omits one of the measure's two major effects. He agrees that the measure identifies one major effect—permitting digital signatures. However, he argues that the caption omits a second major effect—requiring the Secretary of State to "create and administer a website" where petitions can be signed digitally. The Attorney General, for her part, acknowledges that creating and administering a website is a major effect that the caption must mention. She contends, however, that the caption adequately identifies that effect, given the 15-word limit on the caption.

We agree with the Attorney General that requiring the Secretary to create and administer a website is a major effect of adopting IP 2. Creating a state-administered website that is user-friendly, reliable, and secure and that works on any type of personal computer is neither simple nor inexpensive. We disagree, however, with the Attorney General that the phrase "enable and accept digital signatures" reasonably communicates that major effect. Saying that the Secretary must "accept digital signatures" does not imply that the Secretary must create and administer a website to

do so. Nor does the term "enable" communicate the time and effort required to create and administer a website. Rather, "enable" implies that the software for the website already exists and that the Secretary merely needs to press a button or flip a switch to "enable" a preexisting site. The terms of the measure, however, provide that the Secretary must create a website, not merely enable a preexisting one.

Moreover, to the extent that the Attorney General argues that the 15-word limit prevents a more accurate or complete description of the measure, we disagree. For example, the caption could have said, "Permits signing initiative/referendum petitions digitally on website created and administered by Secretary of State." Given the omission of that major effect in the caption, we refer the caption to the Attorney General for modification.

Petitioner raises a second objection to the caption. He argues that it fails to tell voters that IP 2 would make the Secretary of State, not the chief petitioners, responsible for gathering digital signatures on initiative and referendum petitions. Specifically, in his opening brief, petitioner argues that the measure would place the "onus" on the Secretary of State to gather digital signatures. To the extent that is his argument, it fails. IP 2 would only make the Secretary of State responsible for creating and administering a website where voters can sign initiative and referendum petitions digitally. The Secretary of State would not have to do anything beyond that. Chief petitioners and their circulators would still be responsible for informing voters of initiative and referendum petitions and getting them to go to the Secretary of State's website and sign the petitions.

In his reply brief in this court, petitioner shifts his focus and raises a different argument. He contends that the caption inaccurately implies that the Secretary of State could accept digital signatures that chief petitioners collected on their own websites or websites run by third parties. That argument fails for two reasons. First, it is unpreserved. Petitioner did not raise that argument in his written comments to the Secretary of State. *See* ORS 250.085(6) (stating that the Supreme Court "shall not consider arguments

concerning the ballot title not presented in writing to the Secretary of State," except in circumstances not present here). Second, as explained above, to the extent that the caption permits that inference, it reflects and does not attempt to resolve an ambiguity inherent in the text of the measure. *See* note 1 *supra*.

Petitioner also challenges the "yes" vote result statement. ORS 250.035(2)(b) provides that a ballot title must contain a "simple and understandable statement of not more than 25 words that describes the result if the state measure is approved." A "yes" vote result statement "should describe 'the most significant and immediate' effects of the ballot initiative for 'the general public.'" *McCann/Harmon v. Rosenblum*, 354 Or 701, 707, 320 P3d 548 (2014) (quoting *Novick/Crew v. Myers*, 337 Or 568, 574, 100 P3d 1064 (2004)).

The Attorney General certified the following "yes" vote result statement:

> "'Yes' vote requires Secretary of State to manage website for submission of digital signatures for state initiative/referendum petitions; most/all signatures may be digital."

Petitioner argues that the statement suffers from the same deficiencies as the caption. He argues that the phrase "manage website" fails to inform voters that IP 2 requires that the Secretary "create" a website, as well as manage it. We agree. The "yes" vote statement is an improvement on the caption because it specifies that the Secretary of State must manage a website that accepts digital signatures on initiative and referendum petitions. But it neglects to disclose the significant effect that IP 2 would have, which is that it would require the Secretary of State to create a website in the first place. We accordingly refer the "yes" vote result statement to the Attorney General for modification.

Petitioner also argues that the "yes" vote result statement fails to inform voters that IP 2 makes the Secretary of State, not chief petitioners, responsible for gathering digital signatures on initiative and referendum petitions. For the reasons discussed above regarding the caption, that argument fails.

We turn finally to petitioner's challenge to the summary. ORS 250.035(2)(d) requires that the ballot title contain a "concise and impartial statement of not more than 125 words summarizing the state measure and its major effect." Petitioner advances the same argument that the summary fails to inform voters that IP 2 makes the Secretary of State responsible for gathering digital signatures. For the reasons discussed above, we disagree with that argument.

Ballot title referred to Attorney General for modification.