On petitions to review ballot title and explanatory statement filed October 28; considered and under advisement on November 5, ballot title referred to Attorney General for modification; explanatory statement certified to Secretary of State November 13, 2009

## Sharon LIVINGSTON
## and Pat McCormick,
*Petitioners,*

*v.*

## John KROGER,
## Attorney General of the State of Oregon,
*Respondent.*

### (SC S057933 (Control))

## Sharon LIVINGSTON
## and Pat McCormick,
*Petitioners,*

*v.*

## Senator Richard DEVLIN,
## Senator Chris Telfer,
## Senator Diane Rosenbaum,
## Representative Arnie Roblan,
## Representative Vicki Berger,
## Representative Chris Garrett,
## and Kate Brown,
## Secretary of State of the State of Oregon,
*Respondents.*

### (S057934)
### (Cases Consolidated)

220 P3d 418

Gregory A. Chaimov and John A. DiLorenzo, Jr., Davis Wright Tremaine LLP, Portland, filed the petitions and reply memoranda for petitioners.

Paul S. Cosgrove, Lindsay, Hart, Neil & Weigler LLP, Portland, filed the brief for respondents Senator Chris Telfer and Representative Vicki Berger.

Erin C. Lagesen, Assistant Attorney General, Salem, filed the answering memoranda for respondents John R. Kroger, Kate Brown, Senator Richard Devlin, Senator Diane Rosenbaum, Representative Arnie Roblan, and Representative Chris Garrett. With her on the answering memoranda were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Steven C. Berman, Portland, filed the memorandum for *amici curiae* Steve Novick and Defend Oregon—Yes for Tax Fairness.

DURHAM, J.

DURHAM, J.

Petitioners have filed separate petitions in this court seeking review of the ballot title and of the explanatory statement for Referendum 302 (2009), which the Secretary of State has denominated as Ballot Measure 67. We consolidate the petitions for purposes of this opinion.

Ballot Measure 67 results from a referendum of House Bill (HB) 3405 (2009),[1] which raised the minimum tax for corporations and partnerships, the marginal tax rate for corporate taxable income, and filing fees for certain business documents. Or Laws 2009, ch 745. Because of the referendum, as we explain below, HB 3405 (2009) did not take effect. Ballot Measure 66, if approved by the voters, would enact the increased corporate and partnership income taxes and filing fees that the Legislative Assembly adopted in HB 3405 (2009).

## I. BALLOT TITLE REVIEW

■ We begin with petitioners' challenges to the ballot title. We review the ballot title for "substantial compliance with the requirements of ORS 250.035." Or Laws 2009, ch 714, § 12(4). Ballot Measure 67 has four primary components. First, the measure raises the minimum tax from $10 to $150 for C-corporations with revenues under $500,000; C-corporations with revenues of $500,000 or more pay a minimum tax of approximately 0.1 percent of their revenues. Section 1(2)(a). Second, the measure requires S-corporations and partnerships to pay a $150 minimum tax, but it does not require those entities to pay more tax than that.[2] Section 1(2)(b) (S-Corporations); Section 3 (partnerships). Third, the

---

[1] Article IV, section 1(3)(a), of the Oregon Constitution, reserves to the people the referendum power, "which is [the power] to approve or reject at any election any Act, or part thereof, of the Legislative Assembly that does not become effective earlier than 90 days after the end of the session at which the Act is passed."

[2] S-corporations and partnerships pass through any taxable income or loss to their shareholders and partners respectively. As for the business entities themselves, S-corporations currently pay a $10 corporate minimum tax while partnerships pay no tax on partnership income. *See* ORS 314.732(1) ("Except as otherwise provided in ORS 314.740, 314.742 and 317.090 [the corporate minimum tax], an S corporation shall not be subject to the taxes imposed by ORS chapter 316, 317 or 318."). The measure thus raises the minimum tax for S-corporations from $10 to $150 and extends the $150 minimum tax to partnerships.

measure raises the marginal rate that corporations pay on taxable income in excess of $250,000 for the period from 2009 to 2013 and on taxable income in excess of $10 million after 2013. Sections 5-10.[3] Finally, the measure raises the fees for filing certain business documents and notary applications. Sections 11, 15, 17.

In *McCormick v. Kroger/Devlin*, 347 Or 293, 220 P3d 412 (2009), we observed that the legislature had modified the statutory procedures relating to the ballot title and explanatory statement for Referendum 301 (2009), which the Secretary of State designated as Ballot Measure 66. Those modifications also apply to the ballot title and explanatory statement for Ballot Measure 67. *See* Or Laws 2009, ch 714, §§ 9, 12. As we noted in *McCormick*, the modified procedures (1) require preparation of the ballot title and explanatory statement by a joint legislative committee, (2) render the word limits in ORS 250.035(2) inapplicable, and (3) require this court to refer an insufficient ballot title to the Attorney General for modification. We follow those modified procedures in reviewing petitioners' challenges in this case.

■ A ballot title consists of a caption that "reasonably identifies the subject matter of the measure," "yes" and "no" vote result statements that describe "the result if the * * * measure" is approved or rejected, and a summary of the "measure and its major effect." ORS 250.035(2)(a) - (d). The purpose of those requirements is to ensure that voters have accurate information about the subject and effect of a proposed measure. *Caruthers v. Myers*, 344 Or 596, 600, 189 P3d 1 (2008). As noted above, we review the ballot title to determine if its component parts substantially comply with ORS 250.035. *See* Or Laws 2009, ch 714, § 12(4) (directing the

---

[3] Currently, corporations pay a rate of 6.6 percent on their taxable income. ORS 317.061. For tax years beginning on or after January 1, 2009, and before January 1, 2011, the measure raises the rate for taxable income in excess of $250,000 from 6.6 to 7.9 percent. Sections 5, 6. For tax years beginning on or after January 1, 2011, and before January 1, 2013, the measure reduces the rate for taxable income in excess of $250,000 from 7.9 to 7.6 percent. Sections 7, 8. For tax years beginning on or after January 1, 2013, the measure taxes the first $10 million in taxable income at a rate of 6.6 percent and taxes any taxable income in excess of $10 million at a rate of 7.6 percent. Sections 9, 10.

court to review ballot title for substantial compliance with ORS 250.035).

The ballot title for Ballot Measure 67 states:

"RAISES $10 CORPORATE MINIMUM TAX, BUSI-NESS MINIMUM TAX, CORPORATE PROFITS TAX. MAINTAINS FUNDS CURRENTLY BUDGETED FOR EDUCATION, HEALTH CARE, PUBLIC SAFETY, OTHER SERVICES.

"RESULT OF 'YES' VOTE: 'Yes' vote raises $10 corpo-rate minimum tax, establishes $150 minimum tax for most businesses or minimum tax of approximately 0.1% of total Oregon revenues for some corporations with over $500,000 in Oregon revenues. Raises tax rate some corporations pay on profits by 1.3 percentage points. Increases certain busi-ness filing fees. Raises estimated $255 million to maintain funds currently budgeted for education, health care, public safety, other services.

"RESULT OF 'NO' VOTE: 'No' vote retains $10 corpo-rate minimum tax, rejects $150 minimum tax, rejects rais-ing corporate profits tax, other changes. Reduces funding currently budgeted for education, health care, public safety, other services by estimated $255 million.

"SUMMARY: Under current law, corporations conduct-ing business in Oregon pay $10 minimum tax; tax has not changed since 1931. Some corporations pay a profits tax of 6.6%. All other businesses pay no minimum or profits tax. Beginning in tax year 2009, the Measure increases $10 minimum corporate tax to $150; some corporations with over $500,000 in Oregon revenues will pay minimum tax of approximately 0.1% of Oregon revenues. Limits tax to $150 for S corporations and partnerships. Sole proprietors are not impacted by this measure. Raises tax rate some corpo-rations pay on profits by 1.3 percentage points until 2011; increase then drops to 1 percentage point and as of 2013, applies only to profits over $10 million. Corporations pay minimum tax or profits tax, not both. Increases filing fees by $50 for Oregon businesses, by $225 for out of state busi-nesses. Raises estimated $255 million to maintain funds currently budgeted for education, health care, public safety, other services. Because some state money brings in federal matching funds, Oregon will likely receive more federal

money if measure passes than if the Measure fails. Other provisions."

Petitioners raise a variety of challenges to the caption, the "yes" vote result statement, the "no" vote result statement, and the summary. Four of petitioners' challenges arise out of two related phrases. Petitioners argue that the phrase "[m]aintains funds currently budgeted for education, health care, public safety, other services," which appears in the caption, "yes" vote result statement ("maintain"), and the summary ("maintain"), is not accurate. They reason that, because HB 3405 did not become law as a result of the referendum, the measure does not "maintain" any current funds. They raise a similar challenge to the "no" vote result statement, which states that a "no" vote "[r]educes funding currently budgeted for education, health care, public safety, other services by estimated $255 million." They reason that, because HB 3405 did not become law as a result of the referendum, there are no funds to "reduce."

This court in *McCormick* sustained virtually identical challenges to the ballot title for Ballot Measure 66. Following the rationale adopted in *McCormick*, we sustain petitioners' challenges, set out above, to the ballot title for Ballot Measure 67 and conclude that, in the respects identified by petitioners, the ballot title for Ballot Measure 67 does not comply substantially with statutory requirements.

We conclude that the same ballot title modifications required in *McCormick* also are required here. Specifically, the term "maintains" in the caption must be replaced by the term "provides," the word "maintain" in the "yes" vote result statement and summary must be replaced by the term "provide," and the "no" vote result statement must be revised to state:

"Leaves amount currently budgeted for education, health care, public safety, other services underfunded by estimated $255 million."

The Attorney General must effect those modifications on referral.

Petitioners assert a number of additional challenges to the ballot title. We have considered each challenge, but, in

applying the substantial compliance standard of review, we conclude that no further changes to the ballot title are necessary. We will refer the ballot title to the Attorney General for modification for the reasons discussed above.

## II.   EXPLANATORY STATEMENT REVIEW

■       A joint legislative committee prepared and filed with the Secretary of State the following explanatory statement for Ballot Measure 67:

"**EXPLANATORY STATEMENT**: Measure 67 raises the corporate minimum tax for the first time since 1931. Beginning in tax year 2009, S corporations and partnerships will pay $150. The Measure increases the tax C corporations will pay on profits. Some filing fees with the Secretary of State also will be increased. Sole proprietors are not subject to the minimum tax. The Measure will raise an estimated $255 million to maintain funds currently budgeted for education, health care, public safety and other services. Approximately 90% of the state general fund budget goes to education, health care and public safety. Because some state money brings in federal matching funds, Oregon will likely receive more federal money if the measure passes than if the Measure fails.

"Beginning in tax year 2009, the Measure raises the corporate minimum tax from $10 to $150. C corporations with over $500,000 in Oregon revenues will pay a minimum tax of approximately 0.1% of Oregon revenues. The tax rate for profits over $250,000 paid by C corporations will increase by 1.3 percentage points for 2009 and 2010. The rate increase is reduced to 1.0 percentage points for 2011 and 2012. For tax years after 2012, the profits tax rate returns to 6.6% for all C corporation profits below $10 million, and the marginal tax rate of 7.6% will apply to C corporations' profits over $10 million. C corporations pay minimum tax or profits tax, not both.

"For business entities other than C corporations, such as S corporations and partnerships, the Measure sets the taxes those businesses will pay at $150.

"The Measure also increases the filing fees that businesses will pay to the Secretary of State. Filing fees will increase from $50 to $100 for Oregon businesses, and from $50 to

$275 for out of state businesses. Fees for filing uniform commercial code financing statements will increase by $5 and the application fee to be a notary public will increase from $20 to $40."

We review the explanatory statement to determine if it is "insufficient or unclear." *See* Or Laws 2009, ch 714, § 13(1) (providing that electors may challenge the explanatory statement on those grounds). Petitioners raise essentially the same challenges to the explanatory statement that they raised to the ballot title. As with our review of the ballot title, we conclude that none of their challenges requires modification except for the challenge to the sentence, "The Measure will raise an estimated $255 million to maintain funds currently budgeted for education, health care, public safety and other services." In order to ensure that the explanatory statement is a sufficient and clear description of the measure, we modify that sentence by substituting the word "provide" for "maintain." *See* Or Laws 2009, ch 714, § 13(2) (providing that, if a timely petition is filed, the Supreme Court "shall review the statement and certify an explanatory statement to the Secretary of State"); *McCormick*, 347 Or at 304-05 (requiring same modification to explanatory statement for Ballot Measure 66).

Pursuant to Oregon Laws 2009, chapter 714, section 13(2), we certify the following explanatory statement to the Secretary of State:

"**EXPLANATORY STATEMENT**: Measure 67 raises the corporate minimum tax for the first time since 1931. Beginning in tax year 2009, S corporations and partnerships will pay $150. The Measure increases the tax C corporations will pay on profits. Some filing fees with the Secretary of State also will be increased. Sole proprietors are not subject to the minimum tax. The Measure will raise an estimated $255 million to provide funds currently budgeted for education, health care, public safety and other services. Approximately 90% of the state general fund budget goes to education, health care and public safety. Because some state money brings in federal matching funds, Oregon will likely receive more federal money if the measure passes than if the Measure fails.

"Beginning in tax year 2009, the Measure raises the corporate minimum tax from $10 to $150. C corporations with over $500,000 in Oregon revenues will pay a minimum tax of approximately 0.1% of Oregon revenues. The tax rate for profits over $250,000 paid by C corporations will increase by 1.3 percentage points for 2009 and 2010. The rate increase is reduced to 1.0 percentage points for 2011 and 2012. For tax years after 2012, the profits tax rate returns to 6.6% for all C corporation profits below $10 million, and the marginal tax rate of 7.6% will apply to C corporations' profits over $10 million. C corporations pay minimum tax or profits tax, not both.

"For business entities other than C corporations, such as S corporations and partnerships, the Measure sets the taxes those businesses will pay at $150.

"The Measure also increases the filing fees that businesses will pay to the Secretary of State. Filing fees will increase from $50 to $100 for Oregon businesses, and from $50 to $275 for out of state businesses. Fees for filing uniform commercial code financing statements will increase by $5 and the application fee to be a notary public will increase from $20 to $40."

The ballot title is referred to the Attorney General for modification.

The explanatory statement is certified to the Secretary of State.[4]

---

[4] Chief Justice Order No. 09-061 (Oct 29, 2009) provides as follows in regard to these proceedings:

"Notwithstanding ORAP 11.30(12), any petitions for reconsideration must be filed and physically received by the Office of the Appellate Court Administrator no later than 12:00 noon on the day following issuance of the Court's decision."