**Filed: Filed March 15, 2012**

IN THE SUPREME COURT OF THE STATE OF OREGON

PATRICK GREEN,

Petitioner,

v.

JOHN KROGER,
Attorney General,
State of Oregon,

Respondent.

(SC S060086) (Control)

_____

DAN HARMON,
an individual Oregon elector,

Petitioner,

v.

JOHN KROGER,
in his official capacity as
Oregon Attorney General,

Respondent.

(S060087)

En Banc

On petitions to review ballot title filed January 31 and February 1, 2012, respectively; considered and under advisement February 29, 2012.

Steven C. Berman, Stoll Stoll Berne Lokting & Shlachter, PC, Portland, filed the petition and reply for petitioner Green.

Jill Odell, O'Donnell Clark & Crew LLP, and Gibson Law Firm, LLC, Portland, filed the petition and reply for petitioner Harmon.

Judy C. Lucas, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the answering memorandum were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

KISTLER, J.

Ballot title referred to the Attorney General for modification.

KISTLER, J.

Two petitioners seek review of the Attorney General's certified ballot title for Initiative Petition 28 (2012). *See* ORS 250.085(2) (specifying requirements for seeking review of certified ballot titles). We review the ballot title to determine whether it substantially complies with ORS 250.035(2). *See* ORS 250.085(5) (stating standard of review). For the reasons explained below, we refer the ballot title to the Attorney General for modification.

Before 2009, Oregon imposed a 6.6 percent tax rate on a corporation's "taxable income."[1] *See* ORS 317.061 (2007). Taxable income is a defined term that essentially refers to a corporation's profits -- namely, its gross income less deductions for certain expenses. *See* ORS 317.010(10) (defining "taxable income"). In 2009, the voters approved Ballot Measure 67, which modified the marginal tax rate that corporations pay on their taxable income. *See* Or Laws 2009, ch 745, §§ 5-9. For tax years 2009 and 2010, Measure 67 imposed a 6.6 percent tax rate on the first $250,000 of taxable income and a 7.9 percent tax rate on any taxable income over that amount. *Id.* §§ 5-6. For tax years 2011 and 2012, Measure 67 retained the 6.6 percent tax rate on the first $250,000 of taxable income but lowered the tax rate from 7.9 to 7.6 percent on any taxable income in excess of $250,000. *Id.* §§ 7-8. Finally, Measure 67 provided that, effective January 1, 2013, a 6.6 percent tax rate would apply to the first $10 million of corporate taxable income and a 7.6 percent tax rate would apply to any taxable income over that amount.

---

[1] Oregon imposed a five percent tax on certain corporate net long-term capital gains. ORS 317.061(2) (2007).

*Id.* §§ 9-10.

Initiative Petition 28 (IP 28), if adopted, would change one aspect of Measure 67.[2] Beginning in 2013, it would increase the tax rate that applies to corporate taxable income over $10 million from 7.6 percent to 10 percent. The tax rate for the first $10 million of corporate taxable income would remain at 6.6 percent.[3]

The Attorney General certified the following ballot title for IP 28:

**"Raises Tax Rate on Corporate Income Over $10 Million to 10%, Effective 2013**

"**Result of 'Yes' Vote:** 'Yes' vote increases income tax rate that will apply to corporate income over $10 million from 7.6% to 10%, beginning January 2013.

"**Result of 'No' Vote:** 'No' vote retains current law: beginning on

---

[2] IP 28 would add the following text to the Oregon Revised Statutes:

"Section 1. ORS 317.061, as amended by section 7, chapter 745, Oregon Laws 2009, is amended to read:

"317.061. The rate of the tax imposed by and computed under this chapter is:

"(1) Six and six-tenths percent of the first $10 million of taxable income, or fraction thereof; and

"(2) Ten percent of any amount of taxable income in excess of $10 million.

"Section 2. The amendments to ORS 317.061 by Section 1 of this 2012 Act apply to tax years beginning on or after January 1, 2013.

"Section 3. Sections 9 and 10, chapter 745, Oregon Laws 2009 are repealed."

[3] Although IP 28 would repeal the $10 million threshold and the 6.6 percent tax rate on corporate taxable income up to $10 million, it would also reinstate those aspects of Measure 67. In effect, IP 28 changes only one aspect of corporate taxation -- the tax rate on corporate taxable income over $10 million.

January 1, 2013, corporate income over $10 million will be taxed at the rate of 7.6%.

"**Summary:**  Under current law, corporate income is taxed at two different rates, based on whether the income is above or below a threshold amount.  Rates and the threshold amount vary for different tax years.  Starting in 2009, the corporate tax rate is 6.6% on the first $250,000 of income and 7.9% on income over $250,000.  In 2011, the higher rate decreases from 7.9% to 7.6%.  Beginning January 1, 2013, the threshold for the higher rate of 7.6% increases to $10 million.  Under the measure, as of January 1, 2013, the corporate tax rate remains 6.6% on the first $10 million; the tax rate on income over $10 million increases from 7.6% to 10%."

Petitioner Green raises a single challenge to the caption, the "yes" vote result statement, the "no" vote result statement, and the summary.  He contends that each part of the ballot title is defective because it refers to a tax on "corporate income" rather than a tax on corporate "profits" or "taxable income."  Green reasons that the use of the phrase "corporate income" is misleading because it fails to communicate that the tax would fall only on corporate profits.  *See Kain v. Myers*, 336 Or 116, 120, 79 P3d 864 (2003) (discussing that standard).  In support of his argument, Green notes that a corporation could have more than $11 million in gross income but still operate at a loss.  Under IP 28, that corporation would have no "profit" or "taxable income" and thus would owe no tax.  Green reasons, however, that the term the certified ballot title uses -- "income" -- can include gross income and thus could mislead a voter into thinking that the corporation would owe $100,000 in taxes on its income in excess of $10 million, even if it earned no profits.

Petitioner Harmon raises a similar challenge to the caption, "yes" vote result statement, "no" vote result statement, and summary.  He notes that the tax that IP

3

28 would modify is a corporate excise tax and contends that the ballot title should have either referred to an excise tax or used the phrase "taxable income." In his view, either phrase would have been more accurate and less misleading than the use of the unmodified term "income."[4]

The Attorney General raises two arguments in response. The Attorney General notes initially that Green did not object to using the phrase "corporate income" when he filed comments with the Secretary of State regarding the draft ballot title. The Attorney General reasons that, having failed to raise that objection before the Secretary of State, Green cannot raise it here. *See* ORS 250.085(6) ("When reviewing a title certified by the Attorney General, the Supreme Court shall not consider arguments concerning the ballot title not presented in writing to the Secretary of State unless the court determines that the argument concerns language added to or removed from the draft title after expiration of the comment period provided in ORS 250.067."). Although Green did not raise that objection in his comments to the Secretary of State, the draft ballot title used the phrase "taxable income." The Attorney General did not remove the word "taxable" until he issued the certified ballot title. ORS 250.085 specifically provides that we can consider arguments "concerning language * * * removed from the draft title after the expiration of the comment period." *Id.* Green's objection is properly before us.

On the merits, the Attorney General argues that the state and federal tax returns refer to "income tax," not "profits tax." As we understand the Attorney General's

_____

[4] Harmon also raises other challenges to the caption and the summary. We have considered those challenges and reject them without discussion.

4

argument, he reasons from that premise that the word "income" in the ballot title is sufficient, standing alone, to communicate to the voters that the increased tax rate would apply only to a corporation's profits or taxable income. We reach a different conclusion.

As an ordinary matter, "income" includes, among other things, gross income, net income, and capital gains, each of which may be treated differently for tax purposes. For example, Measure 67 imposed a tax both on gross income and on taxable income; specifically, it imposed a business minimum tax based on a corporation's gross income, and it modified the tax rate that a corporation owes on its taxable income or profits. *See Livingston v. Kroger/Devlin*, 347 Or 307, 310-11, 220 P3d 418 (2009) (explaining that Measure 67 imposed a tax on both a corporation's gross income and on its taxable income). Under Measure 67, a corporation that had more than $500,000 in gross income in a tax year would owe a business minimum tax of 0.1 percent of its gross income, but it would owe no excise tax if it earned no profit or taxable income that year.

The ballot title for Measure 67 distinguished those two concepts. It referred to the tax on gross income as a "business minimum tax" and, alternatively, as a tax on "total Oregon revenues," while it referred to the increased tax rate on taxable income as a "corporate profits tax." *See id.* at 312 (setting out the ballot title). IP 28 affects the corporate profits tax that was part of Measure 67. Yet, the ballot title for IP 28 does not refer to the increased tax rate that IP 28 would enact as a tax on a corporation's profits or taxable income. Rather, the caption refers to "rais[ing] the tax rate on corporate income." (Capitalization and boldface omitted.) The "yes" vote result statement similarly refers to the "tax rate that will apply to corporate income." The "no" vote result

5

statement states that a "no" vote means that "corporate income over $10 million will be taxed" at a lower rate. And the summary says that currently "corporate income is taxed" at a certain rate and that, if the measure passes, "the tax rate on income over $10 million" will increase from 7.6 percent to 10 percent.

In each instance, the certified ballot title uses the term "income," even though that term can refer to more than one type of income and even though those differing types of income may have significantly different tax consequences. The Attorney General advances no legitimate reason for not using a more accurate term, which would reduce the potential for misleading the voters that the certified ballot title currently presents.[5] We agree with petitioners that referring to a tax on corporate "income" is, without more, misleading. Accordingly, we refer the caption, the "yes" result statement, the "no" result statement, and the summary to the Attorney General for modification.

Ballot title referred to the Attorney General for modification.

---

[5] The Attorney General argues that, even though the phrase "taxable income" is accurate, it is a technical term and that most voters would not understand its meaning. Whatever the merits of that argument, another term, such as profits or net income, may not present the concern that the Attorney General identifies.