No. 4 January 30, 2014 701

IN THE SUPREME COURT OF THE
STATE OF OREGON

Elspeth McCANN,
*Petitioner,*

*v.*

Ellen ROSENBLUM,
Attorney General, State of Oregon,
*Respondent.*

SC S061799 (Control)

Dan HARMON,
*Petitioner,*

*v.*

Ellen ROSENBLUM,
Attorney General, State of Oregon,
*Respondent.*

SC S061801

En Banc

On petitions to review ballot title filed November 7, 2013, considered and under advisement on December 17, 2013.

Steven C. Berman, Stoll Stoll Berne Lokting & Shlachter, PC, Portland, filed the petition for review and reply for petitioner McCann.

Jill Gibson Odell, Gibson Law Firm, LLC, Portland, filed the petition for review for petitioner Harmon.

Judy C. Lucas, Senior Assistant Attorney General, Salem, filed the answering memorandum for respondent.

KISTLER, J.

Ballot title referred to Attorney General for modification.

**KISTLER, J.**

Petitioners McCann and Harmon seek review of the Attorney General's certified ballot title for Initiative Petition 30 (2014). *See* ORS 250.085(2) (specifying requirements for seeking review of certified ballot titles). We review ballot titles for substantial compliance with ORS 250.035(2). *See* ORS 250.085(5) (stating standard of review). For the reasons explained below, we refer the ballot title to the Attorney General for modification.

In Oregon, corporations must pay the higher of either a tax on their "taxable income" or a business minimum tax. *See* ORS 317.061 (imposing a tax on taxable income); ORS 317.090 (listing a schedule of taxes based on Oregon sales that, at a minimum, a corporation must pay). The term "taxable income" is a defined phrase, which essentially refers to a corporation's profits. *See* ORS 317.010(10) (defining "taxable income"); *Green/Harmon v. Kroger*, 351 Or 641, 644, 274 P3d 180 (2012) (describing an excise tax on taxable income as a profits tax).[1] The minimum tax is based on a corporation's total Oregon sales and sets the minimum amount of tax that a corporation must pay for the privilege of doing business in this state. *See* ORS 317.090.

Except for S corporations, the minimum tax that a corporation owes will vary depending on the corporation's total Oregon sales. ORS 317.090(2).[2] For example, a corporation with $50 million or more in Oregon sales but less than $75 million owes a minimum tax of $50,000. ORS 317.090(2)(a)(J). A corporation with $75 million or more but less than $100 million in Oregon sales owes a minimum tax of $75,000. ORS 317.090(2)(a)(K). Finally, a corporation with $100 million or more in Oregon sales owes a minimum tax of $100,000. ORS 317.090(2)(a)(L). Because the top bracket for minimum taxes applies to corporations with $100 million or more in Oregon sales, it effectively caps the minimum taxes that corporations owe. No matter how much

---

[1] For convenience, we refer to a tax on "taxable income" as a "profits tax."

[2] The minimum tax for S corporations is $150 without regard to the amount of their Oregon sales. ORS 317.090(2)(b). For other corporations, their total Oregon sales will place them in one of 12 brackets, each of which results in a different specified minimum tax liability. ORS 317.090(2)(a)(A) - (L).

a corporation's Oregon sales exceed $100 million, the corporation will never owe more than a $100,000 minimum tax.

Initiative Petition 30 (IP 30), if adopted, would change two aspects of the minimum tax. First, it would eliminate the current cap on minimum taxes by providing that, if a corporation has more than $50 million in Oregon sales, it would owe a minimum tax of $50,000 plus two percent of all Oregon sales in excess of $50 million.[3] IP 30 would thus increase the minimum tax for all corporations with more than $50 million in Oregon sales. Second, IP 30 would reduce by half the minimum tax for corporations with Oregon sales between $500,000 and $9,999,999.

IP 30 also would eliminate any tax on profits for corporations with less than $10 million in Oregon sales. If IP 30 were adopted, those corporations would pay only a reduced minimum tax, no matter how much they earned in profits on Oregon sales and even if they would have paid a greater tax on their profits under current law.

The Attorney General certified the following ballot title:

**"Modifies annual minimum tax for some corporations, depending on the amount of corporation's Oregon sales**

"**Result of 'Yes' Vote**: 'Yes' vote will decrease annual minimum tax for some corporations, increase annual minimum tax for some corporations, depending on amount of corporation's sales in Oregon.

"**Result of 'No' Vote**: 'No' vote retains current law, does not change amounts of minimum tax for corporations that are based on amount of corporation's sales made in Oregon.

"**Summary**: Currently, each corporation or affiliated group of corporations filing a tax return under ORS 317.710 must pay an annual minimum tax; minimum tax amount increases based on the level of the corporation's sales in Oregon. Measure decreases the minimum tax for corporations with Oregon sales between $500,000

---

[3] Currently, a corporation with $60 million in Oregon sales would owe a minimum tax of $50,000. *See* ORS 317.090(2)(a)(J). Under IP 30, the same corporation would owe a minimum tax of $250,000 ($50,000 plus two percent of $10 million).

and $9,999,999. Measure modifies minimum tax for corporations with Oregon sales over $50 million by requiring payment of $50,000 plus 2% of the excess of Oregon sales over $50 million. Eliminates current cap of $100,000 on tax. Corporations with taxable income less than $10 million shall pay minimum tax on sales rather than tax on taxable income. Amendment applies to tax years beginning on/after January 1, 2015. Other provisions."

Petitioner McCann challenges the caption, the "yes" and "no" vote result statements, and the summary.[4] We begin with McCann's challenge to the caption. She argues that the caption does not reasonably identify the subject matter, because it omits significant information, such as the elimination of the minimum-tax cap and the exemption from the profits tax for lower-grossing corporations. She also contends that, in the caption as well as throughout, the ballot title uses misleading language. According to McCann, the word "modifies" is underinclusive and impermissibly vague. In her view, the initiative does more than modify: it increases tax burdens for corporations with more than $50 million in Oregon sales and decreases those burdens for corporations with less than $10 million in Oregon sales. Furthermore, she argues, the term "some corporations" is misleading, because it implies that tax burdens will vary according to the type of corporation.

In response, the Attorney General agrees that the caption omits some information but contends that the omitted information is not significant. In the Attorney General's view, the ballot title's caption must inform voters of the "main subject" of the initiative, not subsidiary details. Subsidiary details, the Attorney General reasons, include whether IP 30 increases or decreases the minimum tax, removes a cap on that tax, and exempts corporations with lower Oregon sales from paying a tax on their profits. The Attorney General also argues that "modifies" is not misleading or vague, because it puts voters on notice of IP 30's "main subject," which is to change minimum tax burdens for some corporations.

ORS 250.035(2)(a) provides that a ballot title must contain a "caption of not more than 15 words that reasonably

---

[4] Petitioner Harmon challenges only the summary.

identifies the subject matter of the state measure." The "subject matter" of a ballot title is "the 'actual major effect' of a measure or, if the measure has more than one major effect, all such effects (to the limit of the available words)." *Lavey v. Kroger*, 350 Or 559, 563, 258 P3d 1194 (2011) (citation omitted). To identify the "actual major effect" of a measure, we consider the "changes that the proposed measure would enact in the context of existing law." *Rasmussen v. Kroger*, 350 Or 281, 285, 253 P3d 1031 (2011). When the Attorney General chooses to describe a measure by listing the changes that the proposed measure would enact, some changes may be of "sufficient significance" that they must be included in the description. *See Brady/Berman v. Kroger*, 347 Or 518, 523, 225 P3d 36 (2009) (so concluding); *see also Greenberg v. Myers*, 340 Or 65, 69, 127 P3d 1192 (2006) ("What the Attorney General cannot do is select and identify in a caption only one out of multiple subjects and thus understate the scope of the proposed measure's subject matter.")

IP 30 makes three important changes to Oregon tax law. First, it exempts corporations with less than $10 million in Oregon sales from having to pay any tax on their profits. Second, it reduces by half the minimum tax for corporations with more than $500,000 but less than $10 million in Oregon sales. The result of those first two changes is to reduce the excise taxes paid by corporations with under $10 million in Oregon sales. Third, IP 30 removes the cap on the minimum tax, thereby substantially increasing minimum tax liability for the highest-grossing corporations.

As noted, the certified caption provides: "Modifies annual minimum tax for some corporations, depending on the amount of corporation's Oregon sales." That text describes only one general aspect (modification) of one change (altering minimum tax liabilities) that IP 30 would make. Not only does the caption omit a significant change that the measure would effect (eliminating profits taxes for lower-grossing corporations), but by referring only to minimum taxes, the caption incorrectly implies that no other types of taxes would be affected. Moreover, even if the changes to the minimum tax were the only effect of the measure, the unexplained use of the word "modifies" fails to communicate how

IP 30 would change minimum taxes. Will the measure raise taxes or lower them? The difference is significant.

We recognize that trying to describe all the major effects of a multifaceted, complex measure in 15 words can be difficult, and sometimes not possible. At times, it may be necessary to describe those effects generally. *See Kain v. Myers*, 336 Or 116, 121, 79 P3d 864 (2003). However, the caption still must "reasonably identify" the subject matter of the measure. ORS 250.035(2)(a). The caption could have complied with that requirement by adding more detail about the ways in which IP 30 would change corporate taxes, as in "Eliminates corporate minimum-tax cap; reduces excise taxes on corporations with Oregon sales under $10,000,000." Another approach might be to focus on the direction (increase or decrease) that taxes will change, as in "Increases minimum tax for higher-grossing corporations; decreases excise taxes for lower-grossing corporations."

Neither of those possible approaches is, of course, perfect. The 15-word limit will often require trade-offs between detail and breadth. But, even in such limited space, more specific words can convey IP 30's "major effects" more completely than the Attorney General's version. A ballot-title caption written in terms so broad that they convey only one highly generalized aspect of a ballot title's multiple, important effects does not substantially comply with ORS 250.035(2) and must be modified.

McCann also challenges the result statements. ORS 250.035(2)(b) and (c) provide that ballot titles must contain a "simple and understandable statement of not more than 25 words that describes the result if the measure is" approved or rejected. Generally, a ballot title's result statements must adequately describe the effects of voting one way or another. As this court has observed, the "yes" vote result statement should describe "the most significant and immediate" effects of the ballot initiative for "the general public." *Novick/Crew v. Myers*, 337 Or 568, 574, 100 P3d 1064 (2004). Similarly, a "no" vote result statement should "address[] the substance of current law *on the subject matter of the proposed measure*" and "summarize[] the current law accurately." *Id.* at 577 (emphasis in original).

The Attorney General certified the following "yes" vote result statement: "'Yes' vote will decrease annual minimum tax for some corporations, increase annual minimum tax for some corporations, depending on amount of corporation's sales in Oregon." McCann argues that the "yes" vote result statement suffers from the same defects as the caption. The "yes" vote result statement is an improvement on the caption in that it specifies *how* minimum taxes will change. But it neglects to disclose at least one other important effect: IP 30 would exempt corporations with Oregon sales less than $10 million from the profits tax. Accordingly, and especially because the result statements may use 10 more words than the caption, the "yes" vote result statement should include that "most significant and immediate" change to the profits tax.

The Attorney General certified the following "no" vote result statement: "'No' vote retains current law, does not change amounts of minimum tax for corporations that are based on amount of corporation's sales made in Oregon." Although this statement accurately describes that a "no" vote will not change minimum tax liabilities, it neglects to identify what else about the current law—namely, the profits tax—would be retained if voters did not adopt IP 30. We conclude that, to "address[] the substance of the current law" and "summarize[] the current law accurately," the "no" vote result statement should disclose that one effect of voting "no" on the measure is that corporations with less than $10 million in Oregon sales will continue to be subject to a profits tax, namely a tax on the corporation's taxable income.

We turn finally to petitioners' challenges to the summary. ORS 250.035(2)(d) requires that the ballot title contain a "concise and impartial statement of not more than 125 words summarizing the state measure and its major effect." The purpose of a ballot title's summary is to give voters enough information to understand what will happen if the initiative is adopted. *See Whitsett v. Kroger*, 348 Or 243, 252, 230 P3d 545 (2010) (so describing the purpose). For convenience, we again set out the summary for IP 30:

"Currently, each corporation or affiliated group of corporations filing a tax return under ORS 317.710 must pay

an annual minimum tax; minimum tax amount increases based on the level of the corporation's sales in Oregon. Measure decreases the minimum tax for corporations with Oregon sales between $500,000 and $9,999,999. Measure modifies minimum tax for corporations with Oregon sales over $50 million by requiring payment of $50,000 plus 2% of the excess of Oregon sales over $50 million. Eliminates current cap of $100,000 on tax. Corporations with taxable income less than $10 million shall pay minimum tax on sales rather than tax on taxable income. Amendment applies to tax years beginning on/after January 1, 2015. Other provisions."

Reiterating her arguments about the caption and result statements, McCann claims that the summary omits significant information and uses misleading words. She does not specify, however, which words in the summary are misleading. Rather, she asserts that the summary "contains the flaws discussed" in reference to the caption and result statements, where she argued that the word "modifies" was misleading. Similarly, petitioner Harmon contends that the summary uses the word "tax" in a misleading way. The summary states that corporations with Oregon sales less than $10 million will pay the annual minimum tax instead of a "tax" on "taxable income." In Harmon's view, the initiative should specify to which "tax" it is referring, because, like the word "income" in *Green/Harmon*, the word "tax" may refer to several different types of taxes. *See Green/Harmon*, 351 Or at 648 (holding that the phrase "corporate income" in certified ballot title, without more, was misleading because voters will not know if it referred to gross income, net income, or capital gains, among other types of income).

The Attorney General responds that McCann's arguments about the summary fail for the same reason that they failed when offered against the caption and result statements. In response to Harmon, the Attorney General rejects his reading of *Green/Harmon*. In the Attorney General's view, *Green/Harmon* stands only for the limited proposition that, when a ballot title refers to "income," it must specify the type of income to which it refers. Consequently, because IP 30 does not mention "income," it cannot be misleading in the sense that *Green/Harmon* recognized.

We conclude that the summary, unlike the caption and result statements, does not neglect to describe the major effects that IP 30 will have on current law. It discloses the removal of the "current cap of $100,000," describes that taxes will "decrease[]" for some corporations based on Oregon sales, and explains that "[c]orporations with taxable income less than $10 million shall pay [the] minimum tax" rather than the "tax on taxable income" or profits tax. We also conclude that the word "tax" in that context is not misleading, because it is used as part of a phrase, "tax on taxable income," which provides enough context, as required by *Green/Harmon*, to convey adequately what type of tax it is.

We agree, however, that the summary's use of the word "modifies" is inadequate because it does not give voters "enough information to understand what will happen" to the minimum tax for corporations with more than $50 million in Oregon sales if IP 30 is adopted. The summary describes precisely what effect IP 30 will have on the minimum tax for lower-grossing corporations: "Measure *decreases* the minimum tax for corporations with Oregon sales between $500,000 and $9,999,999." (Emphasis added.) But the summary merely states that IP 30 "modifies" the minimum tax "for corporations with Oregon sales over $50 million." The word "modifies" suggests that the business minimum tax may change in either of two possible directions: upward or downward. As explained above, however, IP 30 will *increase* the minimum tax for all corporations with Oregon sales exceeding $50 million. For that reason, "modifies" unnecessarily offers too little information about how IP 30 will affect corporations in the highest minimum tax bracket. Accordingly, we refer the caption, the "yes" vote result statement, the "no" vote result statement, and the summary to the Attorney General for modification.

Ballot title referred to Attorney General for modification.