No. 8 February 13, 2014 771

IN THE SUPREME COURT OF THE
STATE OF OREGON

Elspeth McCANN,
*Petitioner,*

*v.*

Ellen ROSENBLUM,
Attorney General,
State of Oregon,
*Respondent.*

(SC S061850 (Control))

Dan HARMON,
*Petitioner,*

*v.*

Ellen ROSENBLUM,
Attorney General,
State of Oregon,
*Respondent.*

(SC S061851)

En Banc

On petitions to review ballot title filed November 27, 2013, considered and under advisement on January 22, 2014.

Steven C. Berman, Stoll Stoll Berne Lokting & Shlachter, PC, Portland, filed the petition for review and reply for petitioner McCann.

Jill Gibson Odell, Gibson Law Firm, LLC, Portland, filed the petition for review for petitioner Harmon.

Jeff J. Payne, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With him on the answering memorandum were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

LINDER, J.

Ballot title referred to Attorney General for modification.

**LINDER, J.**

Petitioners McCann and Harmon seek review of the Attorney General's certified ballot title for Initiative Petition 33 (2014). *See* ORS 250.085(2) (specifying requirements for seeking review of certified ballot titles). We review ballot titles for substantial compliance with ORS 250.035(2). *See* ORS 250.085(5) (stating standard of review). For the reasons explained below, we refer the ballot title to the Attorney General for modification.

Initiative Petition 33 (IP 33) is identical in all relevant substantive respects to Initiative Petition 30 (2014) (IP 30). We recently reviewed the ballot title for IP 30 in *McCann v. Rosenblum*, 354 Or 701, ___ P3d ___ (2014), and summarized the changes that IP 30 would make to Oregon tax law:

> "IP 30 makes three important changes to Oregon tax law. First, it exempts corporations with less than $10 million in Oregon sales from having to pay any tax on their profits. Second, it reduces by half the minimum tax for corporations with more than $500,000 but less than $10 million in Oregon sales. The result of those first two changes is to reduce the excise taxes paid by corporations with under $10 million in Oregon sales. Third, IP 30 removes the cap on the minimum tax, thereby substantially increasing minimum tax liability for the highest-grossing corporations that owe a minimum tax."

*Id.* at 706. That summary accurately describes the changes that IP 33 would make as well. The one notable difference between the two initiatives involves the third change identified above—*i.e.*, that IP 30 would remove the cap on the minimum tax and thereby substantially increase the minimum tax liability for the "highest-grossing corporations," which, for IP 30, were those with $50 million or more in sales. IP 33 would do the same thing, but does so for corporations with $100 million or more in sales. Other than that difference, the changes that the two initiative petitions would make to Oregon law are the same.

The Attorney General's certified ballot title for IP 33 largely mirrors her ballot title for IP 30. Indeed, the caption and the "yes" and "no" vote result statements are

word-for-word the same. Petitioner McCann raises the same challenges to those parts of the ballot title for IP 33 that she raised for IP 30's ballot title; the Attorney General makes the same responses to those challenges. In *McCann*, we determined the caption and the results statements in the ballot title for IP 30 failed to substantially comply with the requirements of ORS 250.035(2)(d). 354 Or at 706-07 (describing inadequacy of caption) and 707-08 (describing inadequacy of yes and no results statements). For the same reasons, we likewise conclude that the caption and results statements in the ballot title for IP 33 fail to substantially comply with the statute.

Our analysis of the summary, however, differs in part. In *McCann*, we concluded that the following sentence in the summary that the Attorney General prepared for IP 30 was inadequate:

> "Measure modifies minimum tax for corporations with Oregon sales over $50 million by requiring payment of $50,000 plus 2% of the excess of Oregon sales over $50 million."

*Id.* at 708-10. The defect that we identified was the use of the word "modifies," which suggested that the business minimum tax may change "in either of two directions, upward or downward," when in fact, "IP 30 will *increase* the minimum tax for all corporations with Oregon sales exceeding $50 million." *Id.* at 710 (emphasis in original). Because the term "modifies" gave voters too little information about how IP 30 would affect corporations in the highest minimum tax bracket, we referred it, along with the caption and the "yes" vote and "no" vote results statements, to the Attorney General for modification.

Although McCann appears to raise that same challenge to the summary for IP 33, the summary here does not contain the same problematic use of the word "modifies." Instead, the analogous sentence in the summary for IP 33 reads:

> "Measure increases minimum tax for corporations with Oregon sales over $100,000,000 by requiring payment of 2% of the excess of Oregon sales over $100,000,000."

The Attorney General's use of the word "increases" in the summary for IP 33, rather than the word "modifies" as she

used in the summary for IP 30, resolves the problem that we identified in *McCann*.

But that same sentence in the summary for IP 33 introduces an issue that was not posed by the summary for IP 30. In particular, petitioner Harmon argues that "the summary describes the proposed tax in a way that suggests that the tax would only be 2% of the excess over $100 million," instead of explaining that corporations with Oregon sales over $100 million would pay the minimum tax of $100,000 as well. The Attorney General responds that IP 33 does not change the current $100,000 tax liability for those corporations, and it was therefore unnecessary to "detail that change." The Attorney General instead opted to describe only the amount by which the corporate tax liability would increase—*i.e.*, two percent of the excess of Oregon sales over $100 million.

We agree with petitioner Harmon, however, that the summary is inadequate. A comparison with the analogous statement for IP 30, quoted above, is telling. There, the Attorney General opted to advise voters that, for corporations with Oregon sales over $50 million, the measure would require a minimum tax payment "of $50,000 plus 2% of the excess of Oregon sales over $50 million." Here, in contrast, the summary states only that IP 33 would require a minimum tax payment "of 2% of the excess of Oregon sales over $100,000,000," without similarly advising voters that the tax owed would include the current tax of $100,000. In that respect, the summary in the ballot title for IP 33 gives voters less information than they need to understand adequately the change that the measure would make.[1]

Ballot title referred to Attorney General for modification.

---

[1] Petitioner Harmon raised an additional challenge to the summary in the ballot title for IP 30, arguing that it did not adequately identify the type of tax (*i.e.*, profits tax) that the measure would eliminate. *McCann*, 354 Or at 710. We rejected that argument after concluding that the Attorney General's reference to "tax on taxable income" provided sufficient context to adequately convey to voters the type of tax to which the summary referred. Petitioner Harmon does not renew that challenge to the summary for IP 33, but petitioner McCann does. For the reasons that we rejected that argument in *McCann*, we likewise reject it here without further discussion. *See id.* at 710 (explaining reasons for rejecting argument).