292 May 16, 2024 No. 15

IN THE SUPREME COURT OF THE
STATE OF OREGON

James SASINOWSKI,
*Petitioner,*

*v.*

LEGISLATIVE ASSEMBLY OF THE STATE OF
OREGON,
*Respondent.*

(SC S070879)

En Banc

On petition to review ballot title filed February 27, 2024; considered and under advisement on April 23, 2024.*

James Sasinowski, Eugene, filed the petition and reply memorandum *pro se.*

Carson L. Whitehead, Assistant Attorney General, Salem, filed the answering memorandum for respondent. Also on the memorandum were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Steven C. Berman, Stoll Stoll Berne Lokting & Shlachter PC, Portland, filed the brief for *amici curiae* Oregon Ranked Choice Voting Advocates and Blair Bobier.

GARRETT, J.

The ballot title is referred to the Attorney General for modification.

---

* Ballot title for Legislative Referral 403 (2024), prepared by the Joint Legislative Committee for LR 403 on February 16, 2024.

**GARRETT, J.**

Petitioner seeks review of the ballot title prepared for Legislative Referral 403 (2024) (LR 403), which the 2023 Legislative Assembly referred for the voters' consideration at the upcoming November 2024 General Election. Or Laws 2023, ch 220. Petitioner challenges all parts of the ballot title, asserting lack of compliance with requirements set out in ORS 250.035(2). Or Laws 2023, ch 366, §§ 1, 4(1).[1] We review the ballot title to determine whether it substantially complies with those requirements. *See id.* § 4(4) (setting out that standard). For the reasons explained below, we agree with petitioner in part, and we refer the ballot title to the Attorney General for modification of the caption and the "yes" result statement. *See id.* § 4(6) (explaining modification process).

We begin by providing a summary of LR 403. The referral would amend ORS chapter 254 to require "ranked choice voting" for the primary and general elections for President of the United States, United States Senators and Representatives, Governor, Secretary of State, Treasurer, Attorney General, and Commissioner of the Bureau of Labor and Industries; it also would permit local governments to adopt ranked-choice voting in their elections (unless prohibited by home-rule charter). Or Laws 2023, ch 220, §§ 2, 3. As defined in LR 403, ranked-choice voting would permit—but not require—a voter to rank on their ballot multiple candidates and write-in candidates, in order of the voter's preference. Each cast ballot would be counted as one vote for each voter's "highest-ranked active candidate."[2] Ballots then would be tallied in rounds; if an active candidate were

---

[1] In addition to permitting a challenge asserting lack of compliance with ORS 250.035(2), section 4(1) of Oregon Laws 2023, chapter 366, permits a petitioner to contend that the ballot title did not substantially comply with a different section of that Oregon Laws chapter. Petitioner's challenge is limited to ORS 250.035(2).

As noted later below, the ordinary word-count limits set out in ORS 250.035(2) do not apply to the ballot title for LR 403; all other provisions of ORS 250.035(2) apply, however.

[2] An "[a]ctive candidate" means a candidate who has not withdrawn, been defeated, or been nominated or elected. Or Laws 2023, ch 220, § 4(6)(a). A "[h]ighest-ranked active candidate" means the active candidate "assigned to a higher ranking on a ballot than any other active candidate." *Id.* § 4(6)(b).

to receive a majority of votes cast in the first round, then that candidate would be elected (or nominated, as applicable). *Id.* § 4(2)(a), (b)(A). But, if no active candidate were to amass a majority of votes, then (1) the candidate with the fewest votes would be defeated (and so no longer would be an active candidate); (2) the votes that had been counted for that defeated candidate would be "transferred to each ballot's next highest-ranked active candidate"; and (3) a new round of tallying would begin. *Id.* § 4(2)(b)(B). That same process would continue until an active candidate amassed a majority of votes in a final round of tallying. *Id.*

LR 403 contains several other provisions, including a series of definitions. *Id.* at § 4(6). It also would direct the Secretary of State to (1) adopt implementing rules, including as to the number of candidates and write-in candidates that could be ranked on a ballot, as well as to educate voters about ranked-choice voting; and (2) analyze current election laws and make a report to the legislature about any inconsistency with LR 403 and its cost of implementation. *Id.* §§ 5, 16. As to local governments, LR 403 expressly would not limit, restrict, or preempt the authority of any home-rule jurisdiction that adopted ranked-choice voting between November 8, 2016, and the effective date of LR 403. *Id.* § 3(4)(b). If approved by the voters at the November 2024 General Election, all the provisions of LR 403 described above (except the provision about the Secretary of State's analysis of election laws and report to the legislature) would become operative on January 1, 2028, and would apply to elections conducted after that date. *Id.* §§ 18(1), 19.[3]

After the 2023 session, a joint legislative committee prepared a ballot title for LR 403 and filed it with the Secretary of State. *See* Or Laws 2023, ch 366, § 1 (setting out that process for any legislative referral approved during the 2023 session). The ordinary word limits for ballot titles do not apply to LR 403; however, the content requirements

---

[3] LR 403 would enact other statutory changes that are not summarized in the joint legislative committee's ballot title, all of which would become operative on January 1, 2028. Or Laws 2023, ch 220, § 18. The provision directing the Secretary of State to analyze the election laws and make a report to the legislature, *id.* § 16, would be effective 30 days after the 2024 General Election and would be repealed on January 2, 2027. *Id.* § 17; *see also* Or Const, Art IV, § 4(d) (specifying effective date for initiative or referendum measures generally).

for each element of a ballot title for a state measure to be initiated or referred—set out in ORS 250.035(2) and discussed further below—do apply. *Id.* §§ 1(1), 4(1). We review the ballot title for substantial compliance with those requirements. *Id.* § 4(4). If we determine that modification is required, then we may refer the ballot title to the Attorney General for modification. *Id.* § 4(6).

The joint legislative committee prepared the following ballot title for LR 403:

"GIVES VOTERS OPTION TO RANK CANDIDATES IN ORDER OF PREFERENCE; CANDIDATE RECEIVING MAJORITY OF VOTES WINS.

"**Result of 'Yes' Vote:** 'Yes' vote gives voters the option to rank candidates in order of preference for specified federal and statewide offices. Establishes process for tallying votes in rounds, with the candidate receiving the fewest votes in each round being defeated and votes for the defeated candidate going to the voter's next-highest ranked active candidate. Requires that candidate must receive majority of votes to win election.

"**Result of 'No' Vote:** 'No' vote maintains current voting system. Voter selects one candidate for federal and statewide offices. Candidate with most votes wins. Majority of votes not required for candidate to win election.

"**Summary:** Current state law requires voters to select only one candidate for each office on the ballot. The candidate with the most votes after a single vote tally wins, even if not a majority. This measure gives voters the option to rank candidates in order of preference using 'ranked choice voting.' Under the measure, voters may choose to rank only one candidate or multiple candidates for each office, as well as write in candidate(s). Votes are counted toward each voter's highest-ranked candidate. If no candidate receives a majority of votes, votes are tallied automatically in rounds. The candidate receiving the fewest votes in each round is defeated. A defeated candidate's votes go to the voter's next highest-ranked candidate. The process continues until one candidate has a majority of votes. The measure applies to the nomination and election of President, United States Senator, Representative in Congress, Governor, Secretary of State, State Treasurer and Attorney General, and election of the Commissioner of the Bureau of Labor and Industries.

The measure requires the Secretary of State to establish a program to educate voters about how ranked choice voting elections will be conducted. Authorizes local governments to adopt ranked choice voting for elections for local offices. Local governments that adopted ranked choice voting before 2025 may continue to use current method or modify it. The measure applies to elections beginning in 2028."

Petitioner challenges all parts of the ballot title. *See* Or Laws 2023, ch 366, § 4 (describing process to file a petition in this court, seeking a different title). We agree with one of petitioner's arguments—as applied to the caption and the "yes" result statement—as explained next.[4]

Petitioner contends that, throughout the ballot title for LR 403, the word "majority" is used inaccurately and without proper context. He specifically argues that "majority of votes" suggests that a candidate has received the majority of total votes cast, but, in operation, ranked-choice voting—as LR 403 would establish—can produce a winner who does not receive that type of "majority" vote. That is most notably so, petitioner explains, because rounds of tallying after the first round do not count all votes cast; instead, they count only votes cast for active candidates, while other votes may be discarded. He argues that, without that important context, the words "majority of votes" inaccurately describe ranked-choice voting and thus render the ballot title noncompliant with applicable statutory requirements.[5]

For its part, the Legislative Assembly agrees that receiving a "majority of votes" under ranked-choice

---

[4] Petitioner raises an additional challenge to the ballot title for LR 403, concerning a purported transition to centralized tabulation, which we reject without discussion.

Petitioner also raises arguments that appear to challenge LR 403 itself—namely, that ranked-choice voting violates various constitutional provisions. We do not address those arguments, which do not fall within the scope of this ballot title proceeding. *See Nearman v. Rosenblum*, 358 Or 818, 825-26, 371 P3d 1186 (2016) (explaining and citing cases for the proposition that determinations as to the constitutionality of a proposed measure are not within the scope of the ballot title certification process).

[5] Petitioner characterizes votes counted for active candidates in ensuing rounds of tallying as "active votes," but LR 403 does not use that wording. By contrast, as noted earlier, it defines an "[a]ctive candidate" as a candidate who, "for the election at which ballots are being tallied," has not withdrawn, been defeated, or been elected (or nominated).

voting—as set out in LR 403—means the majority of votes counted for active candidates in the final round of tallying, as opposed to the majority of total votes cast. The Legislative Assembly argues, though, that the word "majority" throughout the ballot title is unlikely to meaningfully mislead voters. For example, both the "yes" result statement and the summary add clarifying detail, explaining that the tallying of votes proceeds in rounds, such that a candidate who receives a "majority of votes"—meaning in the final round of tallying (which necessarily would include active candidates only)—wins. Alternatively, in the event that we agree with petitioner that the word "majority" is so inaccurate as to render the ballot title noncompliant with ORS 250.035(2), the Legislative Assembly suggests that we could refer the ballot title to the Attorney General for modification of the caption and the "yes" result statement, to state that the "candidate receiving majority of votes in the final round wins."

We agree with petitioner that the caption must be modified. The caption of a ballot title for a referred state measure must "reasonably identif[y] the subject matter" of the measure. ORS 250.035(2)(a). As set out in the caption of the ballot title for LR 403, the words "Candidate Receiving *Majority of Votes* Wins" would most readily be understood by voters to mean the majority of votes cast, but that does not accurately describe the measure. (Emphasis added.) As the parties agree, the word "majority" in the caption does not mean the majority of votes cast; instead, under the ranked-choice voting process set out in LR 403, it means the majority of votes *counted for active candidates* in a final round of tallying. And, importantly, no accompanying contextual wording appears in the caption to help voters understand that intended meaning. It follows that the caption does not reasonably identify the subject matter of LR 403 and therefore requires modification. *See Hurst v. Rosenblum*, 366 Or 260, 263, 461 P3d 978 (2020) (caption should "state or describe the proposed measure's subject matter accurately and in terms that will not confuse or mislead *** voters" (internal quotation marks omitted)); *Towers v. Rosenblum*, 354 Or 125, 129, 310 P3d 1136 (2013) (caption is the "headline" of the ballot title, "provid[ing] the context for the reader's consideration of the other information in the ballot title[,] and

must describe the proposed measure's subject matter accurately" (internal quotation marks omitted)).[6]

Similarly, we agree with petitioner that the "yes" result statement also must be modified. A "yes" result statement must set out a "simple and understandable statement *** that describes the result" if a referral for a state measure is approved. ORS 250.035(2)(b). The "yes" result statement in the ballot title for LR 403 describes the ranked-choice voting process of counting votes in rounds of tallying, including the elimination of some candidates, with only "active" candidates remaining; it then states, in its final sentence, that a candidate "must receive majority of votes"—again meaning the majority of votes counted for active candidates in the final round—to win election. On one hand, unlike the caption, the first part of the "yes" result statement provides some preceding context to help suggest that, in the final sentence, "majority of votes" means the majority of votes counted in a final round, for only active candidates. However, a voter just as easily could understand the final sentence as standing apart from the sentence that precedes it; that is, regardless of the preceding context, a reader might erroneously understand the words "[r]equires that candidate must receive majority of votes to win election" to mean that a candidate must receive the majority of votes cast. In light of those competing readings, we conclude that the "yes" result statement does not substantially comply with ORS 250.035(2)(b) and therefore requires modification. *See Hurst*, 366 Or at 268 ("yes" result statement required modification because it was "ambiguous and therefore open to misinterpretation by a reasonable voter").

We disagree with petitioner, however, that the "no" result statement and the summary in the ballot title for LR 403 require modification.

The "no" result statement must set out a "simple and understandable statement *** that describes the result" if

---

[6] Petitioner further contends that, in addition to adding context about counting votes for only active candidates in a round of tallying, the ballot title for LR 403 must add contextual information about counting only "active votes." We disagree. As noted earlier, LR 403 does not use the wording "active votes"; moreover, with the inclusion of contextual information about counting votes for only active candidates, the ballot title will necessarily convey that some votes—for defeated candidates—ultimately may not be counted.

the referral or measure "is rejected." ORS 250.035(2)(c). To explain current law, the second sentence of the "no" result statement in the ballot title for LR 403 first states that a voter selects only one candidate. Then, the third sentence states that the candidate with the "*most votes* wins." (Emphasis added.) Together, those sentences accurately describe the result if LR 403 is rejected. Although the final sentence of the "no" result statement—which in effect describes LR 403 as a contrast to current law—uses the phrase "[m]ajority of votes" without providing additional contextual information about how ranked-choice voting works, that sentence does not detract from the import of the second and third sentences. The "no" result statement therefore substantially complies with statutory requirements.

The summary must set out a "concise and impartial statement *** summarizing the *** measure and its major effect." ORS 250.035(2)(d). The summary in the ballot title for LR 403 thoroughly describes the ranked-choice voting process, including the elimination of one or more candidates through rounds of tallying. That description provides sufficient context for voters to understand that the words "majority of votes" in the summary means the majority of votes counted for active candidates in a final round of tallying. Stated differently, the word "majority" is not inaccurate, ambiguous, or likely to mislead the voters. The summary therefore substantially complies with statutory requirements. *See McCann v. Rosenblum*, 354 Or 701, 710, 320 P3d 548 (2014) (rejecting arguments that a ballot title summary was misleading, in light of additional wording in the summary that provided sufficient context to adequately describe a key component of the measure).[7]

In sum, we conclude that the caption and "yes" result statement in the joint legislative committee's ballot title for LR 403 require modification, to more accurately convey that a "majority" of votes means a majority of the votes counted for active candidates in a final round of tallying. We

---

[7] As already explained, we reject petitioner's argument that the ballot title—including the "no" result statement and the summary—fails to substantially comply with statutory requirements because it omits information about counting only "active votes" in ensuing rounds of tallying.

therefore refer the ballot title to the Attorney General for modification.

The ballot title is referred to the Attorney General for modification.